## SAMUEL S. SPEAIRS v. THOS. H. LIGON.

### SUPREME COURT, AUSTIN TERM, 1883.

*Will—Precatory Trusts*—In reference to precatory trusts the tendency of our decisions is to limit and restrict the English Chancery rule.

Whenever it is the clear intention of the testator that the devisee shall have an absolute property in the real estate devised, a limitation over must be held void.

Appeal from Lamar county. Opinion by Watts, J.

That particular clause of the will of Edward Speairs, from which it is claimed arises a precatory trust in favor of appellant, is as follows:

"I give and bequeath to my beloved wife, Catherine B. Speairs, all my personal property of every kind; also the remainder of my said tract of land containing two hundred and seventy-seven acres, more or less, to dispose of as she may please, requesting her that she will so dispose of her property at her death as to make my youngest son, Samuel Stillman Speairs, an equal legatee with the balance of my children."

It is said by eminent American authors on wills, that the tendency of the decisions of the American courts, is to limit and restrict the English chancery rule, with respect to the enforcement of precatory trusts.

In the case of Gifford v. Choate, 100 Mass., 346, it is held that an absolute power of disposal in the first taken. renders a subsequent limitation repugnant and void. While Chief Justice Parsons in Ide v. Ide, 5 Mass., 500, says: "Whenever, therefore, it is the clear intention of the testator that the devisee shall have an absolute property in the real estate devised, a limitation over, must be void, because it is inconsistent with the absolute property supposed in the first devisee."

This doctrine is fully sustained in Bamforth vs. Bamforth, 123 Mass., 280; Gibbins v. Shepard, 125 Mass., 543, etc., and in Jones v. Bacon, 68 Maine, 36, etc. It will be observed that by the terms of the will, an absolute power of disposal is given to Catherine Speairs, and if it could be said that the testator attempted to create a limitation over in favor of the appellant, then, under the rule above cited, such limitation would be declared void. We think, how-

ever, that the language of this clause, when considered in connection with the context of the will, and the circumstances attending its execution, fails to show that Edward Spears intended thereby to create a precatory trust in favor of appellant. From the terms of the will and the allegations of appellant's original and amended petition, it appears that Edward and Catherine Spears were husband and wife, with grown children living near them, at the time the will was made, and that the property bequeathed by his will constituted all of the property belonging to both. The presumption is that it was the common property of the husband and wife, and that in truth the husband willed to the wife nothing more than she was entitled to by strict legal right. She is not requested to make appellant equal to the other legatees, out of the property thereby bequeathed, but she is requested to do so out of *her* property.

In our opinion, no trust was created by the will of Edward Spears in favor of the appellant, and the judgment of the court below ought to be affirmed.

[Adopted.]