PATTIE B. QUISENBERRY ET AL. V. THE J. B. WATKINS LAND MORTGAGE COMPANY ET AL.

No. 701.  Decided November 10, 1898.

**1. Construction of Will—Powers—Sale—Mortgage.**

In a will devising land with power in devisee to "sell, exchange, or devise it," and limitation to others on his death without having made such disposition, a subsequent clause explaining testator's object as being to give such devisee "the right to dispose of such land as he pleases during his life or by will at his death," does not confer a general power to dispose of the land nor authorize devisee to mortgage it, but confines him to the exercise of the power to "sell, exchange, or devise," before conferred. (Pp. 248-251.)

**2. Same.**

A will bequeathed land to decedent's son, "with the right to sell, devise, or exchange said land," conditioned that "if he should die without having, by sale, bequeath, or exchange, or in any other lawful way dispossessed himself of the title," it should pass—no widow or heirs surviving him—to decedent's daughter, etc. The son died intestate, leaving no widow or children; but he had previously given a deed of trust on the land to secure a debt which he left unpaid. Held, that such deed of trust was unauthorized by the terms of the will, being neither sale, bequest, nor exchange of the land, which on the son's death passed to the daughter of the devisor free from the incumbrance. (Pp. 250, 251.)

**3. Will—Estate Devised.**

See opinion for will under which a devisee was held not to take a fee simple title in the land conveyed. (P. 251.)

ERROR to the Court of Civil Appeals for the Fifth District, in an appeal from Hill County.

Pattie B. Quisenberry, joined by her husband, brought suit against the mortgage company and others interested, to annul the deed of trust, obtain construction of a will, and remove clouds from the title. Plaintiff had judgment, which, on defendant's appeal, the Court of Civil Appeals reversed and rendered for appellants. Appellees thereupon obtained writ of error.

*McKinnon & Carleton,* for plaintiffs in error (*Robert T. Quisenberry,* of counsel.)—The effect of the provisions of the will was to give only a life estate in the land to Charles R. Beatty, and he had no power to put an incumbrance on it that would follow it after his death.

An estate in land, which to all intents and purposes is a fee simple title, may have conditions or limitations placed upon it, the happening of which will cast the title upon some third party. McMurry v. Stanley, 69 Texas, 227; Lockridge v. McCommon, 38 S. W. Rep., 33.

Whether the estate of Charles R. Beatty be interpreted to be a life

estate or a fee simple, the will provided that upon the happening of certain conditions the land should pass to Mrs. Quisenberry for life, and that then the title should vest in Centre College. This provision not necessarily being repugnant to the provision devising the land to Charles R. Beatty to be used as he pleased during his life, was valid and binding.

A mortgage or deed of trust is but a security for debt. Securing a debt by a deed of trust on land does not dispossess the owner of his title to the land. The executing of a deed of trust on land is not a disposition of the land itself.

*W. H. Ford* and *Watts, Aldredge & Eckford,* for defendants in error.— When a person takes an estate of freehold legally or equitably under a deed, will, or other writing, and in the same instrument there is a limitation by way of remainder, either with or without the interposition of another estate, of an interest of the same legal or equitable quality to his heir or heirs of his body as a class of persons to take in succession from generation to generation, a limitation to the heirs entitles the ancestor to the whole estate.

The estate cast upon Charles R. Beatty by the terms of the will was not a life estate, but from its very nature was an estate of inheritance through whom his children and descendants were made to inherit, and therefore the absolute fee simple title to the land was conferred upon him. Hancock v. Butler, 21 Texas, 808; 2 Jarm. on Wills, 5 ed., 366; 4 Kent, 217.

The estate vested in Charles R. Beatty was a fee simple estate, and his right to dispose of the land was absolute.

Without regard to what estate was created in Charles R. Beatty, under the provisions of the will he was empowered by its terms to dispose of the land as he pleased during his lifetime, and the execution of the mortgage or deed of trust was in contemplation of the testator at the time he executed the will, and clearly authorized by his language. Faulk v. Dashiell, 62 Texas, 642; Pearre v. Hawkins, 62 Texas, 434; Carpenter v. Pridgen, 40 Texas, 33; Platt v. Railway, 9 Otto, 48-67; 1 Dev. on Deeds, sec. 362, and note 3; 5 Am. and Eng. Enc. of Law, 703, and note 4; 4 Kent's Com., p. 147; Loebenthal v. Raleigh, 36 N. J. Eq., 169; Steifel v. Clark, 9 Baxt., 466; Starr v. Moulton, 97 Ill., 525.

BROWN, ASSOCIATE JUSTICE.—O. Beatty resided in Kentucky and owned a tract of land in the State of Texas. He had two children, the plaintiff, Pattie B. Quisenberry, who resided in Kentucky, and Charles R. Beatty, who lived in Hill County, Texas. On the 21st day of June, 1890, O. Beatty made a will, the provisions of which are hereafter copied, and died on the next day. The will was duly probated in the State of Kentucky and recorded in Hill County, Texas.

October 1, 1890, Charles R. Beatty and wife, L. C. Beatty, made and delivered to Henry Dickinson a bond for $2000, due in five years, with five coupon notes for $200 each, representing the interest of each year,

and on the same day Charles R. Beatty and wife made a deed of trust to J. B. Watkins upon the land in controversy to secure the bond and notes above described.   The bond and the interest notes were afterwards transferred to the J. B. Watkins Land Mortgage Company and are unpaid, except two of the interest notes.   Before the institution of this suit the land and mortgage company was put in the hands of a receiver and T. W. Ford appointed a receiver thereof.   The deed of trust was not foreclosed, and C. R. Beatty died on June 21, 1892, leaving neither children nor widow, his wife having died at a date prior thereto. J. H. Finks was appointed administrator of C. R. Beatty's estate, which is insolvent.   Pattie B. Quisenberry is the only heir of Charles R. Beatty, deceased.

The provisions of the will of O. Beatty involved in this litigation are as follows: "I give and bequeath to my son, Charles R. Beatty, now of Hill County, Texas, the aforesaid tract of land, with the right to sell, devise, or exchange said land, subject to the following conditions: If he should die without having by sale, bequeath or exchange, or in any other lawful way dispossessed himself of the title, then it is my will that at his death the land shall go to his lawful widow and children or descendants, if he should leave such, in such manner and proportion as the laws of the commonwealth in which the land lies would prescribe.   Second condition: If he would [should] leave lawful children or descendants, but no in law, then it is my will in the manner as above (first condition) the property shall be divided among them in such manner and proportion as the laws of the commonwealth in which the land lies shall prescribe.   Third condition: If he should leave a lawful widow, but no lawful children or descendants, then it is my will that the said widow shall have a life interest in the said land, and at her death the land shall revert to my daughter, Pattie B. Quisenberry, of Danville, or her heirs and devisees.   My object in these provisions is to give my son, Charles R. Beatty, the right to dispose of the land as he pleases during his life, or by will at his death, but in the event of his failure to do this, it is my intention to give the absolute title to his lawful children or descendants, with provisions as stated in provision (1) for his widow with no attempt to control it further; but if a widow only survives my son, then to limit her right to a life interest in the land.   I have under several conditions under the first clause expressed my will as to the disposition of a tract of land I own in Hill county, Texas; by reference to these it may be seen that it may ultimately revert to my daughter, if my son to whom I will it shall die before he alienates the title, leaving neither legal heirs, issue of his body, nor making testamentary disposition of the land.   In event of its thus reverting to my daughter, it is my will that this tract of land shall pass to the trustees of the Centre College of Kentucky, at Danville.   If my daughter, P. B. Quisenberry, should outlive my son and his representatives described in clause (1), then I will this Texas land to my daughter for her natural life, and at her death to the Centre College of Kentucky.   Should my daughter's death

occur before the fulfillment of the conditions which would entitle her to become the possessor of this land, then the fulfillment of these conditions that would have entitled her to become the owner of the land had she lived, shall, if she be not living, inure to the benefit of the said college, which shall then become the full owner of, to do with it what the trustees may choose to do for the advancement of the interest of the college. Should the title vest in my daughter, she may, while she yet lives, or by testamentary bequest, designate the special object to which the fund thus derived may be dedicated. If she declines to designate any particular object, then the board of trustees shall have full power to use it in whatever way to them seems wisest and best."

On February 18, 1896, the plaintiff in error, joined by her husband, instituted a suit in the District Court of Hill County against the J. B. Watkins Land Mortgage Company, T. W. Ford, the receiver, J. H. Finks, the administrator, and Centre College of Kentucky, seeking to set aside and annul the mortgage given by Beatty and wife to J. B. Watkins upon the land in controversy, and to remove from the title of the plaintiff the cloud cast upon it by the mortgage, and also praying for a construction of the provisions of the will before copied.

The land mortgage company and the receiver answered, setting up the mortgage, and asking a foreclosure upon the 320 acres of land described therein. The case was tried before the judge, who filed conclusions of fact and entered judgment for the plaintiff in that suit, holding that Beatty had no power under the will to make the mortgage. The Court of Civil Appeals reversed the judgment of the District Court and rendered judgment foreclosing the mortgage lien, and ordering that the surplus, if any, of the money derived from the sale of the land be paid to the administrator of Charles R. Beatty, deceased.

The sole question presented by the application for writ of error is, did the will of O. Beatty authorize Charles R. Beatty to make the mortgage? It is contended for the defendant in error that by the use of the terms "sell" and "dispose of" the power to make the mortgage was given. It is true the word "sell" as well as the phrase "dispose of" have each been held to include the power to make a mortgage, but in the cases which so hold, the purposes of the instrument were such that the power to make a mortgage was implied. Faulk v. Dashiell, 62 Texas, 642. No such implication can arise in contravention of the intention of the parties. Loebenthal v. Raleigh, 36 N. J. Eq., 169.

The only language that confers authority upon the legatee to dispose of the land is found in the first sentence of the first clause copied herein, and each subsequent use of words that might indicate such power is clearly referable to those first used, and explanatory of them. The contention of defendant in error is rested mainly upon this language: "My object in these provisions is to give my son, Charles R. Beatty, the right to dispose of the land as he pleases during his life, or by will at his death, but in the event of his failure to do this, it is my intention to give the absolute title to his lawful children or descendants." This

language does not confer general power to "dispose of" the land, but has the effect to make it clear that he may "sell, exchange, or devise it" as he might choose without restraint, confining him to the exercise of authority before conferred.

Power to make the mortgage can not be derived from the authority to "exchange or devise," and if it be sustained, it must be under the authority to "sell." The best test of the validity of that instrument is to ascertain (1) what effect upon the title a proper execution of the power would have; (2) does the mortgage fulfill the requirement? The usual effect of a sale is to pass the title to the property, and the word "sell" must be so construed unless a different intent appears. But the testator took away the power of the court to construe that word, prescribing that the character of the sale must be such.as to dispossess C. R. Beatty of the title,—to alienate the title from him. No right in remainder is limited upon any disposition that might be made, but any disposition authorized would terminate the rights of all parties under the will, which confirms the conclusion that the sale must pass the title. If the contention of defendant in error be correct, the legatee was empowered to incumber the land, but the will expresses the intent to pass the absolute title to the children of the son and not an incumbered estate. By the will, C. R. Beaty had the right only to pass the title to the land in one of the ways specified. The mortgage did not dispossess him of nor alienate the title, and was therefore unauthorized and void. We do not think it necessary to discuss the proposition that C. R. Beatty took a fee simple in the land.

The Court of Civil Appeals erred in reversing the judgment of the District Court and rendering judgment for the mortgage company, and it is ordered that the judgment of the Court of Civil Appeals be reversed and the judgment of the District Court be affirmed.

*Judgment of Court of Civil Appeals reversed.*
*Judgment of District Court affirmed.*