CASE 81.—ACTION INVOLVING A CONSTRUCTION OF THE
        WILL OF DAVID IRVINE, DECEASED.—December
        12, 1909.

## Igo v. Irvine.

### Appeal from Madison Circuit Court.

Judgment holding that the devisee was vested with
a fee simple title to the land.

Wills—Trusts.—A testator devised his estate to his four children
    absolutely, but in a subsequent clause of the will expressed
    a request that either of his children dying without issue
    would devise his share to the survivors or to the children
    of any who might be dead. The question involved on this
    appeal is whether one of the children, as devisee, had au-
    thority to sell his land and invest the purchaser with a fee-
    simple title. Held, that the devisee obtained a fee-simple
    title under the will, and is not charged with any trust, and
    could vest his vendee with a fee-simple title.

J. A. SULLIVAN for appellant.

R. W. MILLER for appellee.

OPINION OF THE COURT BY JUDGE BURNAM—Affirm-
ing.

This appeal brings before us the will of David
Irvine for construction. It was probated in the Madi-
son County Court on the 15th day of August, 1872,
and divided a large landed and personal estate be-
tween his four children, two sons and two daughters.
The special question which we are asked to determine
upon the appeal is whether his son, David W. Irvine,
takes under it a fee simple title to a tract of 222.89
acres of land, which he has contracted to sell to the
appellant B. M. Igo, or whether he takes it charged

with a trust inforcible in equity in favor of the sur-
viving children of testator or the issue of those who
may be dead, in the event of his death without legal
issue.   The fourth clause of the will of testator is as
follows:

"I will and bequeath to my son, David W. Irvine,
my tract of land lying and being in Madison county
on the Richmond and Lexington turnpike road, known
as the Dudley place deeded to me by Waller and Will-
iam Chenault, containing about 180 acres.   I also
will and bequeath to my son, David W. Irvine, forty-
five acres of the Newland land, reserved out of that
tract and not willed in the third clause to I. Shelby
Irvine.   Said forty-five acres to be laid off on the
Richmond and Lexington turnpike road along the
north line of the Dudley tract above mentioned to the
Shackelford road, in such manner as to suit the land
herein willed to my son, Isaac Shelby Irvine."

It is contended that the title conveyed by this
clause of testator's will is limited by a subsequent
clause, which reads as follows:

"I make it as a request of my children that if any
of them should die without issue that in so far as they
may have received any estate from me, that at their
death they 'will' the same to my surviving children
or the issue of those that may be dead.   I think this
is but a reasonable request, and I have confidence that
it will be complied with by my children."

This doctrine of implied or precatory trusts was.
carried to great lengths by the early English and
American cases.   Thus, if a testator made an abso-
lute gift to the person in his will and accompanied
the gift with words expressing a desire, will, request,
wish, hope, or recommendation, have been held suffi-
cient to raise a trust where the subject and object

are sufficiently certain. See Perry on Trusts section 112, and authorities there cited. But the later English and American cases have departed from the doctrine of the early cases and have inclined toward the doctrine of giving precatory words and expressions only their natural force. See Hill on Trusts, section 71. The existing law on this question is well stated by Judge Gray in Hess v. Singlar 114 Mass. 56, and it is quoted with approval in Colton v. Colton, 127 U. S. 300, as follows:

"It is a settled doctrine of courts of chancery that a devise or bequest to one person, accompanied by words expressing a wish, entreaty, or recommendation, that he will apply it to the benefit of others, may be held to create a trust if the subject and objects are sufficiently certain. Some of the earlier English cases had a tendency to give this doctrine the weight of an arbitrary rule of construction. But the later cases in this, and all other questions of the interpretation of wills, the intention of the testator as gathered from the whole will controls the court; in order to create a trust it must appear that the words were intended by the testator to be imperative and when property is given absolutely and without restriction a trust is not to be lightly imposed upon by mere words of recommendation and confidence."

And the question was very fully considered by this court in Major v. Herndon, 78 Ky. 123, and in Bohon v. Barrett's Admr, 79 Ky. 378.

Testator placed no restriction on appellee's right to sell and convey the tract of land in controversy in the fourth clause of the will, and the words quoted above, which appear in a subsequent clause of his will were not in our opinion intended by the testator to

be imperative. They do not refer to any special property, but are general and amount to a mere request that his children dying without issue will give, to their surviving brothers and sisters and their descendants, property in the aggregate equal to that received by them under the provisions of testator's will. We are of the opinion that appellee, David W. Irvine, was vested with a fee simple title to the property in controversy and that his deed conveyed the same character of title to appellant.

For reasons indicated the judgment is affirmed.