FLIPPEN v. ROBINSON et al.†

(Court of Civil Appeals of Texas. Dallas. Feb. 10, 1912. Rehearing Denied Feb. 24, 1912.)

WILLS (§ 616*)—CONSTRUCTION—ESTATES DEVISED—"BLOOD RELATION."

A will, devising real estate to a sister of testatrix, and providing that any part of the property or the proceeds on hand at the sister's death not disposed of by her to her blood relatives shall descend under the statute of descent and distribution, does not vest in the sister an absolute title except in so far as she may dispose of the property during life or by will to blood relations, and a devise by her to her husband for life with remainder over to her nieces is void as to the husband, since he is not a "blood relation."

[Ed. Note.—For other cases, see Wills, Dec. Dig. § 616.*

For other definitions, see Words and Phrases, vol. 1, p. 811.]

Error from District Court, Johnson County; O. L. Lockett, Judge.

Action between Newton Flippen and Mary Robinson and others. There was a judgment for the latter, and the former brings error. Affirmed.

O. T. Plummer, for plaintiff in error. Walker & Baker and Mitchell Davis, for defendants in error.

RAINEY, C. J. This is a writ of error prosecuted by Newton Flippen from a judgment rendered against him in a partition suit, denying a life estate to certain land willed to him by his wife, Elizabeth Flippen. There is no controversy as to the facts, and the only legal question is the right of Newton Flippen to a life estate as per the terms of the wills of Mary Robinson and Elizabeth Flippen. Mrs. Mary Robinson at her death owned the property in controversy. She died testate, and among other clauses of the will provided as follows:

"(5) I give and bequeath the remainder of all my property I shall die possessed of, after the above-named bequests, and all debts including burial expenses and expenses of administering my estate under this will and the two hundred dollars I have directed to be held by executor for keeping graves, equally share and share alike to my beloved sister Mrs. Elizabeth Flippen of New Market, Alabama, wife of W. N. Flippen, and my beloved niece Miss Clara D. Moore.

"(6) I hereby direct that in case any portion of the property that my beloved sister Mrs. Flippen shall receive from my estate be on hand at her death or any of the proceeds of same shall not be disposed of by my dear sister by will to some of her blood relations, then and in that case such property or the proceeds thereof shall pass and descend to her blood relations in the same proportion as is provided by the statutes of the state of Texas, in descent and distribution."

After Mrs. Mary A. Robinson died and her will was probated, Mrs. Elizabeth Flippen, wife of Newton Flippen, died in Madison county, Ala., leaving a will which was duly probated in the probate court of Madison county, Ala., and that she disposed of her property as follows in her said will: "First. I want all my personal expenses paid and the residue of estate both real and personal that I now have or which may be due me, I give and bequeath unto my husband, Newton Flippen, during his natural life, and at his death to be divided as follows: First, I give and bequeath unto my niece Clara Moore one-third of the estate at the death of my husband, Newton Flippen; second, I give and bequeath unto my niece Lena Davis one-fifth of two-thirds left, and the balance of the estate is to be equally divided between my nieces Sue Oakes and Eviline Jones"

The will of Elizabeth Flippen was duly probated in Madison county, Ala. Newton Flippen was appointed independent executor, qualified as such, filed an inventory of his wife's real estate, etc., in Madison county, and such will was duly authenticated and recorded in Johnson county, Tex. It was admitted that Clara Moore, Lena Davis, Sue Oakes, and Eviline Jones were nieces of Mrs. Elizabeth Flippen of the same degree, and were her nearest blood relatives at the time of her death, except a sister of Mrs. Elizabeth Flippen, who had children and whose residence are now unknown. These parties are the only ones contesting the right of Newton Flippen to a life interest in the land willed by Mrs. Robinson to Mrs. Flippen, and none of this had been disposed of.

The right of Newton Flippen to sustain any claim to a life estate in this land depended upon a construction of Mrs. Mary Robinson's will. It cannot be said that under the will of Mrs. Robinson the title to the property bequeathed to Mrs. Flippen vested in her absolutely, except in so far as she might dispose of it during her life, and if by will to some blood relations. McMurry v. Stanley, 69 Tex. 227, 6 S. W. 412. Flippen was not a blood relation. Therefore the provision in the will of Mrs. Flippen entailing a life estate on the land in Flippen was void and conferred no right in him. Clara Moore, Lena Davis, Sue Oakes, and Eviline Jones were blood relations of Mrs. Robinson and were subject to take under Mrs. Robinson's will as well as under Mrs. Flippen's. The willing of Mrs. Flippen to them is in perfect accord with the

---

provisions of Mrs. Robinson's will, and they are not estopped from denying the right of Flippen to claim a life estate in the land.

The court did not err in not allowing Flippen a share in the rents, as he did not show himself entitled to participate therein.

The judgment is affirmed.