YOUNG et al. v. CAMPBELL et al.†
(No. 7297.)

(Court of Civil Appeals of Texas. Dallas. April 10, 1915. Rehearing Denied May 1, 1915.)

WILLS ☞634—CONSTRUCTION—INTEREST CREATED—GENERAL DEVISE WITH POWER OF DISPOSITION.

Where testator's will nominated his wife sole executrix "with full power to administer, use, enjoy, sell, convey, and pass title to any and all of such estate as she may see fit, and use the same as her own during her lifetime" such a general devise with power of disposition rendered the remainder interests subject to defeasance by the wife's action in disposing of the property as she might see fit, so that the remaindermen could not enjoin her disposition of the property as wasteful and in fraud of their rights.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1488–1510; Dec. Dig. ☞634.]

Appeal from District Court, Navarro County; H. B. Daviss, Judge.

Action by Annie May Young and others against Susan L. Campbell and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

McClellan & Prince, of Corsicana, and T. A. Altman, of Ft. Worth, for appellants. R. S. Neblett and Callicutt & Johnson, all of Corsicana, and Geo. A. Titterington, of Dallas, for appellees.

RAINEY, C. J. Appellants, Annie May Young, S. J., J. A. T., and Thomas Tankersley, residuary legatees under the will of G. W. Tankersley, and Nancy Pursley and her husband, Sel Pursley, brought this suit against Susan L. Campbell, George B. Campbell, Frank R. Robinson, and the John Hancock Life Insurance Company, appellees, alleging, in effect, that about December 20, 1881, one George Tankersley died testate, leaving surviving him Susan L. Tankersley, now Susan L. Campbell, and three brothers, viz., Thomas, S. J., and J. A. T. Tankersley, but no children; that J. A. Tankersley died leaving children, naming them; that Susan L. Tankersley, now Susan Campbell, was made sole executrix of the estate of George W. Tankersley, deceased, which inventoried over $25,000. A copy of the will was made a part of the petition; that Susan L. Campbell, as such executrix, was wasting and dissipating said estate and had fraudulently disposed of certain land to her son, George B. Campbell, for a recited fictitious consideration, with the intent to place said land beyond the reach of plaintiffs; that there was no necessity for said conveyance, and prayed for an injunction to restrain George B. Campbell from selling said land, and Mrs. Campbell from disposing of the property of said estate and canceling the pretended lien upon said land. Defendants Susan L. and George B. Campbell answered by general demurrer, by about 18 special demurrers to paragraphs of the petition, to the effect that the suit was prematurely brought as to the allegations of fraud, mismanagement, etc., and answered, specially admitting certain allegations and denying specially all allegations not admitted; that immediately after the death and probating of the will of George W. Tankersley Mrs. Campbell took absolute control of the estate, and repudiated the residuaries' rights under the will, and so notified them, and she pleads 10-year statute of limitation, and that said estate was the community property of herself and George W. Tankersley, deceased, and that said will no way affects her interest in said property, and that said George W. Tankersley, deceased, had no interest in lot 25x91, but that said lot was the community property of herself and her second husband, R. B. Campbell, deceased. The John Hancock Life Insurance Company and Frank R. Robinson answered by general and special exceptions and by general denial and specially admitting certain paragraphs and denying others. Annie May Young withdrew from the suit, and same was dismissed as to her. Upon hearing by the court of defendants' general and special demurrers to plaintiffs' petition, the same were sustained, and said cause dismissed, from which this appeal is taken.

The will of George W. Tankersley, deceased, attached to plaintiffs' petitions is as follows:

"In the name of God Amen. I, Geo. W. Tankersley, of the county of Navarro and state of Texas, being in a low state of health, but of sound mind and disposing memory, do make and publish this my last will and testament, hereby revoking all other wills by me heretofore made.

"First. I direct that all my just debts and funeral expenses shall (by my executrix hereinafter named), be paid including attorneys fees out of my estate as soon after my decease as shall be found convenient by her.

"Second. I give and bequeath to my beloved wife, Susan L. Tankersley, all and entire the remaining portion of my estate, real, personal and mixed, after the payment of my debts and funeral expenses to be by her the said Susan L. Tankersley used and employed absolutely for and during the term of her natural life,

charged only with the care, maintenance and education of Annie May Tankersley a little girl now living with us, who it is my wish shall live with my wife, and be cared for, supported and well educated at the expense of my estate.

"Third. At the death of my wife, Susan L. Tankersley, I desire that my estate shall descend and pass to the following persons to wit: To Annie May Tankersley and her heirs, lawfully begotten of her body one full half of any and all of my estate remaining at the death of my wife, in fee simple forever.

"To my three (3) beloved brothers, S. J. Tankersley, J. A. T. Tankersley and Thomas Tankersley, the other remaining one half of my estate in three (3) equal shares, portions, share and share alike. That is to say, on the death of my wife Susan L. Tankersley I desire one full half of any and all my estate then in her hands to descend and vest in equal shares of ⅓ each to my aforesaid three (3) brothers and their heirs in fee simple forever.

"Fourth. I nominate and appoint my beloved wife, Susan L. Tankersley the sole executrix of this my last will and testament, with full power to administer, use, enjoy, sell, convey and pass title to any and all of such estate as she may see fit and use the same as her own during her life time, and until her death I desire no partition or division of said estate, and in the event of my said wife's dying before she qualifies or executes this trust I desire and request that she name her own successor and that such person as she may name shall be appointed executor of my will.

"Fifth. It is my desire that no other action be taken in the probate court of Navarro county in and about the administration of my estate further than to have this my will probated, and an inventory and appraisement of my estate filed. I request that no bond be required or exacted of my executrix by said court, but that she manage and control my estate without bond or security of any kind. In the management and control of my said estate and in all matters pertaining thereto it is my desire that my executrix will consult with my friend and attorney R. C. Beale who I wish to act as her legal adviser in the premises."

The petition of plaintiffs, after stating that Susan L. Campbell, as independent executrix under the will of George W. Tankersley, deceased, took charge of all the property belonging to his estate, and in effect charges that she managed and controlled the same, sold the personal property, collected outstanding indebtedness, and used, spent, and appropriated the proceeds in a reckless and extravagant manner, had disposed of some land in Louisiana for less than its true value, and had spent, wasted, and used all the property from all sources; that Mrs. Campbell in 1912 fraudulently and for the purpose of defeating the residuary legatees out of their rights in 547 acres of land remaining executed a simulated conveyance thereto to her son, George B. Campbell, the cash consideration therein named being fictitious. The petition set up a good cause of action against appellants, unless by the terms of the will Mrs. Campbell had the absolute right to dispose of the property as she pleased during her lifetime, regardless of the claim of plaintiffs. The power given in the fourth clause of the will to Mrs. Susan L. Campbell to dispose of the property is:

"With full power to administer, use, enjoy, sell, convey and pass title to any and all of such estate as she may see fit and use the same as her own during her lifetime."

This power of disposition is unlimited and about as broad as language can make it. In the case of Hanna v. Ladewig, 73 Tex. 37, 11 S. W. 133, where the terms of the will are very similar to the one here under consideration, Mr. Stayton, Chief Justice, speaking for the court in reference to the powers conferred on the wife by the will of her husband, said:

"Speculation as to why he conferred on her such a power would be unprofitable, but it is likely that he felt he could safely intrust to the mother a power in the nonexercise of which her own children were interested. She having exercised the power conferred upon her, through whatsoever motive or upon whatsoever consideration, their contingent right was forever cut off when it was once exercised, and the fact that the property was reconveyed to her is a matter of no importance."

In opposition to the foregoing case is one relied on by appellants, which was rendered by the Court of Civil Appeals for the Fourth District, styled Littler v. Dielmann, 48 Tex. Civ. App. 392, 106 S. W. 1137, where Mr. Justice Fly, delivering the opinion for the court, wherein the facts are very similar to those in this case and the case of Hanna v. Ladewig, supra, is discussed, but not followed, and the Supreme Court denied a writ of error therein. There seems to be no material difference in the two cases as to the facts, except, if that be one, that the condition upon which the wife was to retain the property in the Littler Case had been breached by her second marriage, while in the Hanna Case, as in this, the conditions upon which the property was to descend (that is, by their death) had not transpired. The effect of granting the injunction in this case would be to annul and destroy the provision of the will granting to Mrs. Campbell the power to administer the estate and dispose of the property as she sees fit, which, if true, as Mrs. Campbell is still living, renders the bringing of this suit premature.

Under the law it is our duty to be governed by the decisions of the Supreme Court of this state, irrespective of what our views may be on a particular question; and, as the case of Hanna v. Ladewig, supra, which is in point, has never been directly overruled by the Supreme Court, and, believing that the principles therein laid down are applicable to this case, we hold with it and affirm the judgment.

Affirmed.