NORTON et al. v. SMITH et al.   (No. 519.)

(Court of Civil Appeals of Texas. Beaumont.
Oct. 27, 1920. On Rehearing,
Jan. 29, 1921.)

1. **Wills** ⬌439—**Construed to give effect to intention.**

The first and great object in the construction of the will is to ascertain from the instrument as a whole the real intention of the testator.

2. **Wills** ⬌471—**Conflicting clauses should be reconciled, if possible.**

The will should be considered in its entirety, and seeming conflicts between its separate clauses should be reconciled, if possible, to give effect to the true intention of the testator as manifested by the instrument as a whole.

3. **Wills** ⬌471—**Inconsistent clause least essential to testator's intent ignored.**

Where there are clauses in a will so inconsistent or contradictory that all cannot be given effect, those should be given effect which seem most nearly to comport with the real and true intention of the testator as gathered from the entire instrument, and others should be ignored.

4. **Wills** ⬌601(1)—**Direction for disposition after absolute gift given effect, if possible.**

Where a testator, after giving his property, by language importing absolute fee-simple title, to his wife, inserted a clause directing disposition thereof on her death, the intention of the testator as expressed in the latter clause should be given effect, if possible, since it does not violate any rule of law or public policy.

5. **Wills** ⬌601(8)—**Clause held to create condition subsequent after gift in fee.**

Where one clause of a will gave the property absolutely to testator's wife with full power to dispose thereof, and by a later clause directed that at her death she will to the respective families of testator and herself whatever she might have, the later clause was more than an expression of desire and imposed a conditional limitation on the fee given to the wife so as to create a trust on all testator's property which the wife did not dispose of during her lifetime in favor of the respective families.

6. **Wills** ⬌601(9)—**Wife held to have absolute right to dispose of property.**

Under a will giving the property to testator's wife with full power of disposition, which contained a subsequent clause directing her to will the property on her death to the respective families of herself and testator, the latter clause applies only to the property of testator still possessed by the wife at her death, and not to proceeds of the sales of such property made by her during her lifetime.

7. **Wills** ⬌489(1)—**Evidence of financial condition and affection held admissible to identify family.**

In proceedings to determine the construction of a will giving the property of testator possessed by the wife at her death to their respective families, evidence of the financial condition of testator's relatives at the time of making the will and of his affection for them was admissible as an aid in determining whom he meant by the expression "family."

On Rehearing.

8. **Appeal and error** ⬌1175(6) — **Pleadings and agreed statement held to authorize decision without remand.**

On appeal in a suit for the construction of the will, where the only issue of fact was the determination of the persons included in the expression "families" used in the will, the petition, alleging that defendants were the only brothers and sisters who died without issue after the death of his brothers, the answer, admitting that the defendants were the only heirs at law of the testator, and an agreed statement of facts that the defendants were the only heirs at law of testator, sufficiently determined that defendants were the family of testator to warrant a rendition of judgment for them by the Court of Appeals without remand.

Appeal from District Court, Shelby County; Chas. L. Machfield, Judge.

Suit by Mrs. Lucile Smith and her husband against M. A. Norton and others to try title to certain tracts of land and to recover personal property. Judgment for plaintiffs, and the defendants, excepting the Marshall National Bank, appeal. Judgment modified by awarding appellants an undivided interest in two of the tracts of land.

E. H. Carter, of Center, and Cary M. Abney, of Marshall, for appellants.

Davis & Davis and Sanders & Sanders, all of Center, for appellees.

HIGHTOWER, C. J. The appellees here, Mrs. Lucile Smith and her husband, T. T. Smith, were the plaintiffs below, and filed this suit in the district court of Shelby county against M. M. Rains and the other appellants here (there being quite a number of defendants), and also against the Marshall National Bank of Marshall, Tex. The first count of the petition was in form of an action of trespass to try title to seven different tracts of land in Shelby county, which tracts were separately described in the plaintiffs' petition. In the fourth count of the petition the plaintiffs alleged that the defendants Marshall National Bank and M. M. Rains had in their possession the following described personal property, which belonged to the plaintiff Mrs. Lucile Smith, and that such defendants had refused to deliver possession of such property to the plaintiffs, as they had requested, to wit: $16,675.75 in money on deposit in said bank; 259 shares of capital stock of said bank, of the approximate value of $53,095; 25 shares of capital stock of the

---

First National Bank of Jacksonville, Tex., of the alleged value of $5,000.

It was then alleged by the plaintiffs that all of the defendants except the defendant bank were asserting title to said money and certificates of stock, all of which, as well as the land sued for, belonged to plaintiff Mrs. Lucile Smith, who inherited the same from her mother, Mrs. M. E. Parker.

Plaintiffs prayed for recovery of the title and possession of the land involved, as well as for the title and possession of the personal property described, as against all defendants.

The defendant Marshall National Bank's answer was the nature of a bill of interpleader, in which it was admitted that Mrs. M. E. Parker, the deceased mother of Mrs. Smith, had on deposit in said bank at the time of her death $17,173.75, but further alleged that Mrs. Smith had drawn out $500 of that amount since the death of her said mother, and further admitted that the bank had issued the certificates of its stock, as alleged in the plaintiffs' petition, to Mrs. Parker prior to her death, but that such certificates were in the possession of the defendant M. M. Rains, that dividends had been declared on such stock since the death of Mrs. Parker, and that such dividends had been added to such deposit. It was further alleged in the bank's answer that the plaintiffs, Mrs. Smith and husband, and some of the defendants had laid claim to said deposits and shares of stock, the nature of which claims were set forth, and it was prayed that the controversy relative to such money and certificates of stock be determined and settled, and that the bank be protected against any double recovery.

All other defendants filed answers in due time, interposing a general demurrer, general denial, and pleas of not guilty, and then it was specially alleged by the defendants that they neither had nor did they assert any claim to or right in any of the property sued for by the plaintiffs, other than such claim and right as they had thereto under the will of one George P. Rains, deceased, but they alleged that by reason of the provisions of such will of George P. Rains they were the owners of an undivided one-half interest in all of the property described and sued for by the plaintiffs in their petition, both real and personal, and said defendants attached to their answer a copy of the will of said George P. Rains, and prayed that the same be construed by the court, and that such defendants be adjudged to be the owners of an undivided one-half interest in all of certain property sued for by the plaintiffs, and further that an equitable lien be declared in their favor as against whatever portion of such property might be recovered by the plaintiffs, for the reason, as alleged by defendants, that the plaintiffs, Mrs. Smith and husband, had disposed of a certain 240-acre tract of land in Red River county, Tex., a one-half undivided interest in which belonged to said defendants, in that said tract of land had been purchased by Mrs. Parker during her lifetime with the proceeds of property, a one-half interest in which was owned by said defendants, under the terms of said will of said George P. Rains. There is no necessity for making a more specific statement of this matter.

It was further alleged in the answer and cross-bill of said defendants that George P. Rains died in Harrison county, Tex., on or about the 18th day of December, 1886, and that he left a written will, dated June 27, 1881, and that such will was duly and legally probated, etc. The will was then copied as follows:

"I, George P. Rains, do make this as my last will and testament, hereby revoking all former ones.

"First. It is my will that my wife, M. E. Rains, have all I may die seized of, consisting of lands, money, merchandise, bonds, notes, accounts, etc.

"Second. That she at once take and assume control of it all, without giving bond or being amenable to any court whatever.

"Third. That, at her death she. will to our respective families whatever she may have, making an equal division thereof, between the two families.

"Fourth. And lastly, I do appoint my wife, the said M. E. Rains, my executrix, who will settle my debts, collect my claims and sell lands, etc., as she may wish without giving any bond whatever.

"Done at East Hamilton, Shelby county, Texas, on Monday, June 27th, A. D. 1881.
　　　　　　　　　　　　　"George P. Rains."

It was further alleged in the answer that George P. Rains, at the time of his death, was the owner of a large estate, which consisted of real and personal property of the approximate value of $64,000, and that the said Rains at the time of his death was married to M. E. Rains, who survived him, and who afterwards married one R. L. Parker. It was further alleged that the father and mother of George P. Rains had died prior to the making of the latter's will on June 27, 1881, and that George P. Rains was never the father of any children. It was then alleged that after the death of George P. Rains, his surviving widow, M. E. Rains, at once took possession and control of all property left by her husband, and managed and controlled the same under the powers conferred upon her by said will, and that upon her death she, the said Mrs. Parker, had in her possession all of the property described in the plaintiffs' petition, and in addition thereto had also in her possession a 240-acre tract of land in Red River county, Tex., and that such additional tract had been purchased by Mrs. Parker with proceeds of the property that belonged to George P. Rains at the time of his death, and that had passed into her possession under the terms of his will, and that since the death of Mrs. Parker this

240-acre tract of land in Red River county had been sold by the plaintiffs, Mrs. Smith and husband, for a consideration of $8,000, and that Mrs. Smith's interest in the property in controversy should be charged with one-half of such proceeds, etc.

It was further shown by the answer and cross-bill of defendants, who are appellants here, that they are brothers and sisters and descendants of brothers and sisters of George P. Rains, deceased, and that they constitute his only legal heirs, and that they constituted the "family" of George P. Rains, as was intended and meant by him as the word "family" was used in his will.

It was further shown in the answer of defendants that Mrs. M. E. Rains, the widow of George P. Rains, after his death, became the wife of R. L. Parker, and that she survived the death of Parker, and that the plaintiff, Mrs. Lucile Smith, was the only issue of the marriage between R. L. Parker and the said Mrs. M. E. Parker, and, in fact, it was substantially alleged that the plaintiff Mrs. Smith was the only heir of said Mrs. M. E. Parker, and was entitled, by inheritance, to whatever property was owned by her deceased mother at the time of her death.

We have already shown above a copy of the will of George P. Rains, deceased, under the terms of which the appellants in this case assert ownership to an undivided one-half of the property here in controversy. As showing the precise construction that the defendants on the trial below placed upon said will, we copy the following paragraph, being paragraph No. 8, of their answer:

"(8) The defendants aver that it was the intention of said George P. Rains, and he did by the terms of his said will devise to his wife, Mrs. M. E. Rains, all of his property to be held by her in trust during her lifetime, with power to manage and control the same and sell and exchange said property and invest the cash money on hand at his death, and to invest such moneys as she collected from notes and accounts of the said George P. Rains and from the sale of his property the income and revenues from his estate, and at the time of the death of the said M. E. Rains one-half of all property then in her hands which was a part of the original estate of George P. Rains, or which was purchased with the revenues of said property or the proceeds of the sales of said property, should pass to these defendants in fee simple, and under the terms of said will these defendants are the owners in fee simple of one-half of the said property; that these defendants are the family of said George P. Rains and the persons he intended to designate as his family under the terms of said will."

In conclusion it was prayed by the defendants that they be permitted to recover from plaintiffs one-half of all money and property sued for by the plaintiffs, as well as one-half of the dividends that had been declared on said bank stock since the death of Mrs. Par-

ker, and that they also recover from plaintiffs one-half of the rental value of the lands in controversy, sole and exclusive possession of which had been taken by Mrs. Smith and husband since Mrs. Parker's death, and one-half of the proceeds of the Red River county tract of land, as heretofore explained, and that the equities of all the parties in the property in controversy be adjusted, and for general relief, etc.

The plaintiffs, Mrs. Smith and husband, filed a supplemental petition, interposing first a general demurrer to the answer and cross-bill of the defendants, and then interposed the following special exception:

"Plaintiffs specially except to said defendants' amended original answer and cross-bill, and would show to the court that if George P. Rains ever executed a will in the manner and form as charged by said defendants, and as copied by said defendants in their said amended original answer and cross-bill, that same shows upon its face that defendants herein have no rights or title under or by virtue of said will, for it is shown by the answer of said defendants that Mrs. M. E. Rains, who was the wife of George P. Rains, acquired all the property of said George P. Rains, and said M. E. Rains having acquired all of said property, the defendants have no interest therein, and upon the death of the said Mrs. M. E. Rains, who was Mrs. M. E. Parker at the time of her death, all of said property descended to and became vested in the plaintiff Lucile Smith, of which these plaintiffs pray the judgment of the court."

Upon the pleadings being read, the trial court sustained the above-quoted special exception contained in the plaintiffs' supplemental petition, and, upon the defendants declining to amend or further plead, the court proceeded to hear the evidence offered by the plaintiffs in support of their allegations, and upon conclusion of same rendered judgment in favor of the plaintiffs for all property sued for by them, as described in their petition, and after their motion for a new trial was overruled, said defendants, other than the Marshall National Bank, prosecuted an appeal to this court.

Enough has been stated to show that the matter for determination here is whether the trial court placed the proper legal construction upon the will of George P. Rains, under the terms of which the appellants in this cause asserted ownership to a portion of the property in controversy.

The judgment of the trial court, as reflected by the transcript, shows:

That the trial court was "of the opinion that the will of George P. Rains, deceased, which is set out in the amended original answer and cross-bill of defendants, M. A. Norton and others, vested an absolute fee-simple title in M. E. Rains to all of the property, both real and personal, owned by the said George P. Rains at the time of his death, and that the third paragraph of said will is void, because the

same is an attempt to bind the said M. E. Rains to make disposition of her own property by a will, and that none of the defendants have any interest in any of the property of said George P. Rains, or any property involved in this suit, by reason of the will of George P. Rains and the probate thereof, and the court doth sustain both of said special exceptions."

Thus it will be seen that the trial judge construed the will as a devise by George P. Rains to his wife, M. E. Rains, of all his property, by absolute fee-simple title, and without any condition whatever, and that the third clause of the will, which, we have shown above, amounted to nothing, and could be given no effect whatever, and was absolutely null and void, because, as construed by the trial judge, it was merely an attempt on the part of George P. Rains, after devising his property, absolutely and in fee simple, to his wife, to bind her to make disposition of property owned by her absolutely, which attempt could not be recognized or enforced.

As showing the construction which appellants seek to have this court place upon the will of George P. Rains, we copy the first assignment of error found in appellants' brief, together with the proposition thereunder, as follows:

"The court erred in sustaining the plaintiffs' special exception to the original answer and cross-bill of these defendants."

"The will of George P. Rains created a valid trust in favor of his next of kin, subject to the right of M. E. Rains to manage, control, and dispose of his property during her lifetime, and at her death one-half of the property owned by George P. Rains at the time of his death, and which still remained in the hands of M. E. Rains undisposed of, and one-half of all the property in the hands of M. E. Rains at the time of her death which had been acquired by her from the proceeds of sales and investments of the property of George P. Rains, vested in these defendants."

As a counter proposition, the appellees interpose the following:

"The will of George P. Rains and the probate thereof vested an absolute, unconditional, fee-simple title to all of the property of George P. Rains, both real and personal, in his surviving wife, M. E. Rains, which title passed by inheritance to Lucile Smith, the only heir of said M. E. Rains (Parker). The third paragraph of said will is void, and the court in so holding committed no error."

Thus it will be seen that the appellants are contending that the will of George P. Rains, when properly construed as a whole, created a valid trust in favor of appellants, who claim to be his next of kin, subject only to the right of Mrs. Rains to manage, control, and dispose of George P. Rains' property during Mrs. Rains' lifetime, and that at her death one-half of the property that was

227 S.W.—35

owned by George P. Rains at the time of his death and which still remained in the hands of Mrs. Rains at the time of her death, as well as one-half of all property in the hands of Mrs. Rains at the time of her death, which had been acquired by her with the proceeds of sales and investments of property owned by George P. Rains, vested in appellants, they being the members of his "family," as that word was used in Rains' will.

It will be equally as clearly seen, from what we have stated, that it is the contention of the appellees that the will of George P. Rains and its proper probate vested the fee-simple title, absolutely and unconditionally, to all of the property owned by George P. Rains at the time of his death, in his surviving wife, M. E. Rains, and that no valid trust of any nature whatsoever was created in favor of any of the appellants as to any portion of the property owned by George P. Rains at the time of his death, and that, such being the true legal construction of said will, it follows, of course, that the plaintiff Mrs. Lucile Smith inherited the whole of the property in controversy from her mother, Mrs. M. E. Parker, upon the latter's death.

In support of their contention and construction of the will of George P. Rains, counsel for appellants in their brief cite, but do not attempt to discuss, the following authorities:

McMurry v. Stanley, 69 Tex. 227, 6 S. W. 412. The opinion was by the Supreme Court of this state, and written by Judge Stayton.

King v. Bock, 80 Tex. 156, 15 S. W. 804. The opinion was by the Supreme Court of this state, written by Judge Henry.

West v. Glisson, 184 S. W. 1042. The opinion was by the Austin Court of Civil Appeals, and written by Judge Jenkins.

Cottrell v. Moreman, 136 S. W. 124. The opinion was by the Dallas Court of Civil Appeals, and written by Chief Justice Rainey.

Haring v. Shelton, 103 Tex. 10, 122 S. W. 13. The opinion was by the Supreme Court of this state, and written by Judge Brown.

Sprinkle v. Leslie, 36 Tex. Civ. App. 356, 81 S. W. 1018. The opinion was by the Court of Civil Appeals for the Second District, and written by Chief Justice Conner.

Laval v. Staffel, 64 Tex. 370. The opinion was by Chief Justice Willie.

Craig v. McFadden, 191 S. W. 203. The opinion was by the Texarkana Court of Civil Appeals, and written by Judge Hodges.

40 Cyc. 1698 and 1729.

Quisenberry v. Watkins, 92 Tex. 247, 47 S. W. 708. The opinion was by the Supreme Court and written by Judge Brown.

Flippen v. Robinson, 144 S. W. 707. The opinion was by the Dallas Court of Civil Appeals, and written by Chief Justice Rainey.

Dulin v. Moore, 96 Tex. 135, 70 S. W. 742. The opinion was by the Supreme Court of

this state, and was written by Chief Justice Gaines, and the holding in McMurry v. Stanley, supra, is there construed and discussed.

Lockridge v. McCommon, 90 Tex. 234, 38 S. W. 33. The opinion was by the Supreme Court, and written by Judge Brown.

As supporting the contention of appellees as to the proper construction of the will in question, their counsel cite the following authorities: R. S. 1911, art. 1106; Moore et al. v. City of Waco et al., 85 Tex. 206, 20 S. W. 61; Hanna v. Ladewig et al, 73 Tex. 37, 11 S. W. 133; Speairs v. Ligon, 59 Tex. 233; Lacey et al. v. Floyd, 99 Tex. 112, 87 S. W. 665; Winfree v. Winfree, 139 S. W. 36; Feegles v. Slaughter, 182 S. W. 10; Weller v. Weller, 22 Tex. Civ. App. 247, 54 S. W. 653; Autrey v. Stubenrauch, 63 Tex. Civ. App. 247, 133 S. W. 531; Young v. Campbell, 175 S. W. 1100; Johnson v. Kirby, 193 S. W. 1074; Igo v. Irvine, 139 Ky. 634, 70 S. W. 836; Gifford v. Choate, 100 Mass. 346; Ide v. Ide, 5 Mass. 500; Jones v. Bacon, 68 Me. 36, 28 Am. Rep. 1; Howard v. Carusi, 109 U. S. 725, 3 Sup. Ct. 575, 27 L. Ed. 1089.

Counsel for appellees in their brief contend first that the third clause of the will here under consideration amounts to nothing, and can have no legal effect, because the words of the testator contained in that clause are merely precatory words, that is to say, words expressing a mere desire or wish on the testator's part as to what disposition the devisee, Mrs. M. E. Rains, might do with the property devised to her by him at the time of her death, if any of such property she should then have, and that such words fall short of any mandatory direction or expressed will on the part of the testator as to what disposition of the property devised to his wife should be made by her at the time of her death, and for that reason the third clause cannot be properly construed to in any manner limit, control, or affect the first and second clauses of the will, by which the testator devised, absolutely and unconditionally, the title in fee to all of his property to Mrs. Rains. They next contend that, if the third clause of the will should be construed as being more than mere precatory words, and should be construed as a mandatory trust or expressed will on the part of the testator as to the disposition that his surviving wife should make of the property devised to her at her death, that then such clause must be held void and without legal effect, for the reason that it would constitute a limitation upon the estate devised absolutely and unconditionally in fee simple by the first two clauses of the will, and that therefore, if given effect, the third clause would necessarily be in irreconcilable conflict with the first and second clauses of the will, and would in effect destroy or materially limit the right given the devisee in the testator's property by the first and second clauses, and that such a result cannot legally be permitted.

We have given the contentions of both parties in this case very careful consideration, and have read and considered carefully all authorities cited by them, and, after doing so, we have concluded that we cannot agree entirely with the contentions made by either of them. We cannot agree with the contention of counsel for appellants to the effect that the will of George P. Rains vested Mrs. Rains with only a life estate in the property devised to her, with the right and power to control, manage, exchange, and sell the same, coupled with the limitation that the proceeds of such of the property as might be exchanged or sold by her, as well as so much of the property not disposed of by her, should be held in trust by her for the members of the testator's family, whoever that term may include, and that upon her death a one-half interest in all of such property and proceeds should vest absolutely in the members of the testator's family.

[1] It has been said by the Supreme Court of this state that the "first and great object in the construction of a will is to ascertain from the instrument as a whole the real intention of the testator in its execution." Laval v. Staffel, supra.

[2, 3] In reaching this object, there are certain cardinal rules to be applied, one of which is that the will should be read and considered in its entirety, and, if there should be seeming conflicts between any of its separate clauses or provisions, such conflicts should be reconciled, if possible, and the real and true intention of the testator, as manifested by the instrument as a whole, should be given effect. If there should be found clauses or provisions in the will that are so inconsistent or contradictory that all cannot be given effect, then such of them should be ignored and others given effect as will seem to most nearly comport with the real and true intention of the testator, as gathered from the entire instrument.

If the first and second clauses of the will in question be alone considered in arriving at the intention of the testator, there could not, of course, arise any question as to what disposition he intended to make of his property. It is manifest from those clauses, considered alone, that he intended his estate to vest, by absolute fee-simple title, in his surviving wife, and there is nothing in either the first or second clauses that would warrant the conclusion that only a life estate, or any other interest short of an absolute fee-simple title, should vest in the surviving wife. But the third clause is as follows:

"That at her death she will to our respective families whatever she may have, making an equal division thereof between the two families."

[4] As we construe it, there is nothing in the third clause that is inconsistent with or contradictory of the provisions of the first or second clause, and therefore, if the third clause amounts to more than mere precatory words, and should be construed as the direction and expression of his will by the testator as to what should be done with the property devised by him, then such expressed will or direction of the testator, as shown by the third clause, should be given effect, unless to do so would be violative of some rule of law or public policy.

[5] Of all the authorities cited by counsel for both parties in this case, we believe that the case of McMurry v. Stanley, supra, is the most relevant to the facts of this case. The language of the will there under consideration is remarkably similar to the words employed by the testator in the will before us, and it was held in that case that the words of the testator in that clause of the will which it was claimed created a trust in favor of plaintiffs amounted to more than mere precatory words, and manifested a direction and expressed will on the part of the testator that the plaintiffs there should have such portions of the property as was devised by the testator in fee simple to another, provided the same should not be disposed of by the devisee in the will during life. It was also held, however, that the devisee in that will took more than a mere life estate, and that the title that passed to the devisee or first taker in the will there was a title in fee, with remainder in trust for the claimants in that case of so much thereof as might be owned by the devisee at death. It was contended by the defendants in that case that because former clauses of the will conferred upon the named devisee or first taker the absolute right of disposition of the property, no subsequent clause in the will which to any extent or in any manner sought to limit or affect that right by creating a trust in favor of another could be given effect, and was void. Justice Stayton, after admitting that the rule so contended for by defendants obtained in some of the American states, expressly held that such rule was but an arbitrary one, and, if followed, would in many instances defeat the object and real intentions of a testator touching a rightful disposition of his property, and that, in his opinion, the Supreme Court of this state should not follow that rule, and concluded, upon the facts of that case, which, as we have said, were very similar to the facts here as to the wording of the will, that the devisee or first taker took under the terms of the will the title in fee to the property devised, and although, under the terms of the will, absolute right of disposition was conferred upon such devisee, yet that it was reasonably clear from the will as a whole that it was the intention of the testator there that, if any such property so devised should remain un-

disposed of by the devisee or first taker during life, then an enforceable trust in favor of plaintiffs in that case was created.

We have been unable to distinguish the material facts in that case from the facts in the instant case, and upon the authority of that decision we hold that the third clause in the will here under consideration constituted more than mere precatory words on the part of the testator, and amounted to a direction and expression of his will relative to the disposition of the property devised by him to Mrs. Rains, and that it was the intention of the testator that one-half of so much of his property as was thereby devised to his wife as might be owned by her at the time of her death should pass to the members of the testator's "family," whoever that term may be found to include, and that therefore Mrs. M. E. Parker, at the time of her death, held in trust for the members of the testator's family one-half of so much of George P. Rains' community interest in the property devised by him as had not been disposed of by her and was owned by her at the time of her death. In other words, as we construe the will in question, applying the authorities, we are of the opinion that by the first and second clauses of the will title in fee to all of his property, both real and personal, was devised to his surviving wife, with the absolute power of disposition of such property, but with the enforceable conditional limitation that, if any of such property so devised should remain undisposed of by his said wife and be owned by her at the time of her death, the members of the testator's family, whoever they are, should have a one-half interest therein, that such conditional limitation was created by the third clause of the will, and that such a conditional limitation was in violation of no rule of law in this state, and must be enforced as a legal disposition by the testator of his property. Lockridge v. McCommon, 90 Tex. 234, 38 S. W. 33.

It follows from the foregoing conclusions that this court is of the opinion that the trial court was in error in sustaining the special exception interposed by the plaintiffs' first supplemental petition to the defendants' answer and cross-bill.

[6] The facts, so far as reflected by the record before us, show that the only property in controversy in this suit that was owned by George P. Rains at the time of his death, and that passed to his surviving wife, M. E. Rains, under his will and was owned by her at the time of her death, are two certain tracts of land in Shelby county, which are definitely described as tracts Nos. 2 and 3 in the plaintiffs' petition; that all other property which was owned by George P. Rains at the time of his death and had passed under his will to his surviving wife had been disposed of by her during her life. Now, it is the contention of appellants here that they are not only entitled to share in such of the

property of George P. Rains as passed to his surviving wife under the will and remained on hand in kind at the time of her death, but that they are also entitled to share in such property as she owned at the time of her death which was purchased with proceeds of property which came to her under the will. This contention we deny. Mrs. Rains, as we have shown, took title in fee to all property devised to her by her husband, George P. Rains, and, under the express provisions of the will, had the absolute right of disposition of same, and no interest, under the terms of the will, was vested in the appellants, but their interest therein depended upon the condition that such property so devised to Mrs. Rains should not be disposed of by her in the exercise of her rights and powers under the will. As we have stated, Mrs. Rains, under the will, took title in fee to all the property devised to her, with the conditional limitation that so much of same as might not be disposed of and should be owned by her at the time of her death should be shared in to the extent of one-half by the members of the testator's family. Mrs. Rains having, during her lifetime, exercised the right and power expressly conferred upon her by the will to sell and dispose of the property thereby devised, its proceeds cannot be followed and claimed by the appellants in this case, whose interest therein was dependent upon the condition that Mrs. Rains should not dispose of such property during her lifetime. McMurry v. Stanley, supra; Johnson et al. v. Kirby, supra; Young v. Campbell, supra; Feegles v. Slaughter, supra.

It follows from what we have said that the eighth assignment of error must be overruled. Mrs. Rains having the right under the will to make absolute disposition of the property devised to her, and having exercised that power, the appellants have no interest in the proceeds of any sales or disposition made by her of the property, and the evidence offered, as shown by that assignment, was clearly immaterial.

[7] The ninth assignment complains of the action of the court in refusing to permit appellants to show the financial condition of the Rains family at the time George P. Rains executed the will in question, as well as at the time of his death, and further to show that George P. Rains was on very friendly and affectionate terms with the members of his family. We are of the opinion that this evidence, upon another trial, should be admitted, as it tends, we think, to show who was meant by the testator in the use of the words "our families," as found in the will.

The only question of fact, as we understand the record, to be determined upon another trial, is as to who constituted the testator's family at the time of his execution of the will in question, as well as who were the members of such family at the date of the death of Mrs. Parker. If this fact should be determined in favor of the appellants, judgment should be rendered in their favor for one-half of the community interest in the two tracts of land described in tracts 2 and 3 in plaintiffs' petition, and as to all the other property in controversy judgment should be rendered in favor of the appellees therefor.

Reversed and remanded.

### On Rehearing.

At a former day of this term the judgment of the lower court in this cause was in part affirmed and in part was reversed, and the cause remanded, as will appear from the original opinion now on file. Both parties have filed motions for rehearing in this court, the appellants contending in their motion that we were in error in our construction of the will of George P. Rains, as shown by our original opinion, and the appellees contending in their motion that we should set aside our former disposition and now affirm in part and in part reverse and render.

We have given careful consideration to appellants' motion for rehearing, but we have not changed our views as to the proper construction of the will of George P. Rains, as shown by our former opinion, and therefore appellants' motion for rehearing has been overruled.

[8] In our former opinion, relative to the remand of the cause, we said:

"The only question of fact, as we understand the record, to be determined upon another trial, is as to who constituted the testator's family at the time of his execution of the will in question, as well as who were the members of such family at the date of the death of Mrs. Parker. If this fact should be determined in favor of the appellants, judgment should be rendered in their favor for one-half of the community interest in the two tracts of land described in tracts 2 and 3 in plaintiffs' petition, and as to all the other property in controversy judgment should be rendered in favor of the appellees therefor."

As pointed out in the motion of appellees, we believe that it is shown by the pleadings in this case and by agreement between the parties that the appellants, who were defendants below, constitute the members of the "family" of George P. Rains, as the expression "family" was used in his will, and that therefore there is no necessity of remanding the cause to have that fact determined. Among other things, appellants, as defendants below, alleged in their answer the following:

"The defendants aver that the defendant M. M. Rains is a brother of the said George P. Rains, the defendant M. A. Norton is a sister of the said George P. Rains, the defendant Mrs. Lula Rains is the surviving wife of John Rains, deceased, who was a brother of George P. Rains, and the defendants Vaughn Rains, Otto Rains, Inez Bush, Letta Callahan, Lila Ross, Merta Ross, and Cleo Terry are the only

children of the said John Rains; that Geo. Bryan and John Bryan are the only children of Virginia Bryan, who was a sister of George P. Rains. The said Virginia Bryan is dead, and the husband of Virginia Bryan died prior to her death. John R. Herndon, Idela Daniels, Thomas Herndon, Valerie Bedell, and P. M. Herndon are the only children of America Herndon, who was a sister of George P. Rains and who is dead. The husband of America Herndon died prior to her death, and Thomas Herndon died after the death of America Herndon, his mother, and left surviving him E. A. Herndon and his children, Henry I. Herndon, Effie Mae Southard, Ernest Herndon, and Lorimer Herndon. T. C. Edwards was a sister of George P. Rains, and she is dead, having died after the death of her husband and left no children or descendants. The defendant Joseph Edwards claims to be the adopted son of T. C. Edwards. Eliza Fletcher was a sister of George P. Rains and she is dead. Her husband died before she did, and the defendants in this cause (other than those mentioned in this paragraph and the Marshall National Bank) are the children and descendants of said Eliza Fletcher. The said George P. Rains had no brothers or sisters except those named in this paragraph and the children of these descendants mentioned in this paragraph."

It was then alleged:

"That these defendants are the family of the said George P. Rains and the persons he intended to designate as his family under the terms of said will."

Thereupon the appellees here, who were the plaintiffs below, pleaded, among other things, as follows:

"And, if necessary to further answer herein, these plaintiffs would come and for further answer to said defendants' amended original answer and cross-bill of said defendants these plaintiffs say that the persons named in said original answer and who answered therein are the heirs of George P. Rains, deceased, who, with the defendant Edwards, are the heirs and only heirs at law of George P. Rains, deceased."

Also we find in the statement of facts the following agreement between the parties:

"It was agreed by all parties hereto, in open court, that the last will and testament of George P. Rains, deceased, dated June 27, 1881, was written entirely in the handwriting of the said George P. Rains; * * * that the father and mother of Geo. P. Rains died prior to the date of his will, and that at the time of his will and at the time of his death his nearest relatives were his brothers, M. M. Rains, John Rains, his sisters, Mrs. M. A. Norton, Mrs. America Herndon, Mrs. Virginia Bryan, Mrs. T. C. Edwards, and Mrs. Eliza Fletcher; that, after the death of George P. Rains, Mrs. America Herndon, Mrs. Virginia Bryan, Mrs. T. C. Edwards, Mrs. Eliza Fletcher, and Mr. John Rains died intestate; that the defendants M. A. Norton and M. M. Rains are the only brothers and sisters of George

P. Rains who were living at the time of the death of Mrs. M. E. Parker; that the other defendants, except the Marshall National Bank, are the only heirs at law of the deceased brothers and sisters of George P. Rains."

After further consideration of the point, we are convinced that it appears from the above-quoted pleadings of the parties and their agreement that the appellants in this cause, who claim to be the members of the family of George P. Rains, as the expression "family" was used in his will, are such, in fact, and that there can be no necessity or reason for remanding the cause for a determination of that fact. Therefore that part of our former judgment remanding the cause is here now set aside, and judgment will be here rendered in favor of appellants for an undivided one-fourth interest in those two certain tracts of land described as tracts Nos. 2 and 3 in the plaintiffs' second amended original petition in this cause.