R. L. AUTREY ET AL. v. MAX STUBENRAUCH ET AL.

Decided December 7, 1910.

**1.—Wills—Construction.**

The primary and controlling rule to be observed in the construction of a will is to endeavor by a study of each and every part of it to ascertain the intention and desire of the testator, and when that is discovered it should be put into execution.

**2.—Same—Community Estate—Election.**

The language, "my estate," "the rents and revenues of my estate," "all my property, real, personal and mixed," used by a husband in his will, would not indicate an intention on the part of the testator to devise the interest of his wife in the community estate. In the absence of clear and explicit language in the will of her husband showing an intention to dispose of the entire community estate, the wife will not be put upon her election, and will not be estopped from claiming her interest in the community estate by accepting under the will.

**3.—Same—Purpose of Bequest.**

The will of a husband contained the following provisions: "I will and bequeath to my beloved wife the rents and revenues of my estate during her life for her support and maintenance and for the education and support of my unmarried children." Held, the rents and revenues from the community estate became the wife's absolutely during her life, and the bequest was not modified nor lessened in its scope by the advisory language naming the purpose for which it should be used. It was not a trust estate. But, if considered as encumbered with a trust, such condition existed only until the children were educated or married.

**4.—Same—Creation of Trust Estate.**

Whenever in a will the objects of the supposed recommendatory trust are not certain nor definite; whenever the power to which it is attached is not

certain nor definite; whenever a clear discretion or choice to act or not to act is given; whenever the prior dispositions of the property import absolute and uncontrollable ownership, courts of equity will not create a trust from merely precatory words.

Error from the District Court of Harris County. Tried below before Hon. Chas. E. Ashe.

*Lane, Wolters & Storey,* for plaintiffs in error.—The court below erred in not rendering judgment for the plaintiffs, and in adjudging that Mrs. Selma Stubenrauch, under the provisions of the will of her husband, had only the right to use such portions of the annual revenues of the estate of her deceased husband as was reasonably necessary and proper for her comfort, support and maintenance during her life; and that any residue of such revenues should be preserved by the executor and executrix for final distribution among the legatees named in the will of Max Stubenrauch, deceased. Weir v. Smith, 62 Texas, 8; McMurry v. Stanley, 69 Texas, 229; Philleo v. Holliday, 24 Texas, 45; Smith v. Butler, 85 Texas, 130; Hamilton v. Hamilton, 115 N. W., 1012; Wright v. Denn, 23 U. S. Rep., 205; 30 Am. & Eng. Ency. of Law (2d ed.), pp. 740, 741, 743, 761, 818, 661, 666, 680.

The court below erred in not rendering judgment for the plaintiffs, to the effect that Max Stubenrauch, deceased, intended to, and did in fact, by the provisions of his will, dispose of the community interest of his surviving widow, the defendant Selma Stubenrauch, in their community estate, and that Mrs. Selma Stubenrauch, under the provisions of said will, was put to her election as to whether she would take under the will or under her rights as community survivor under the provisions of the law, and that having taken under the will, she has elected not to take or claim any community interest in said estate. Revised Statutes of Texas, art. 1696; Couts v. Holland, 107 S. W., 913; Philleo v. Holliday, 24 Texas, 45; Smith v. Butler, 85 Texas, 130; Chace v. Gregg, 32 S. W., 521; Carlton v. Goebler, 94 Texas, 97; in re Stewart, 15 Pac., 445; in re Gorden, 64 N. E., 753; Little v. Birdwell, 27 Texas, 691; Cleveland v. Cleveland, 89 Texas, 450; 30 Am. & Eng. Ency. of Law (2d ed.), p. 661; id., p. 666; Skaggs v. Deskin, 66 S. W., 793; Stoepler v. Silberberg, 119 S. W., 419; Wells v. Petree, 39 Texas, 420.

*E. P. & Otis K. Hamblen,* for defendants in error.—Where a bequest of the rents and revenues of property is made to a person generally for her support and maintenance, the "motive" so expressed as prompting the bequest does not limit or restrict the same nor create a trust thereon. Page on Wills, 712; Beach on Wills, par. 219; Citizens Bank & Trust Company v. Bradt, 50 S. W., 779; Trout v. Pratt, 8 L. R. A. (new series), 398; Seabrook v. Grimes, 16 L. R. A. (new series), 483; Weller v. Weller, 22 Texas Civ. App., 251.

Mr. Stubenrauch's will only disposed of his community interest and did not affect any portion of the community interest belonging to Mrs.

Stubenrauch, and she was not put to her election nor did she waive any of her community rights by qualifying under the will. Carroll v. Carroll, 20 Texas, 733; Haley v. Gatewood, 74 Texas, 281; Sutton v. Harvey, 57 S. W., 879; Sutton v. Harvey, 63 S. W., 1134; Crosson v. Dwyer, 30 S. W., 932.

FLY, ASSOCIATE JUSTICE.—This suit was instituted by R. L. Autrey and his wife, Nettie Autrey, against her brothers, Max Stubenrauch and Lorenz Stubenrauch, and her mother, Selma Stubenrauch, to obtain a construction of the last will and testament of M. Stubenrauch, the deceased father of Nettie Autrey and her brothers, and husband of Selma Stubenrauch, to remove Max Stubenrauch and Selma Stubenrauch as executor and executrix of the will and have others appointed in their stead; that certain deeds made by the executor and executrix to Max and Lorenz Stubenrauch be annulled and that the executor and executrix be held accountable for the revenues of the estate wantonly and recklessly squandered by them, and that plaintiffs be protected in their rights in the property and revenues. A temporary writ of injunction to restrain Max and Selma Stubenrauch from collecting rents was applied for and obtained.

The petition for the writ of injunction and the amended petition setting up the cause of action are very voluminous, occupying over twenty typewritten pages, but the gist of the pleadings is that plaintiffs seek to have the will of M. Stubenrauch construed to mean that he disposed of all the community estate of himself and wife, and gave to her only a sufficient sum out of the revenues of the estate for her maintenance and support, which it is alleged would not amount to more than $2500 or $3000 a year, and that by qualifying as executrix she had accepted under the will and had relinquished her half of an estate valued at $120,000, and that all of the estate and the revenues, rents and income therefrom were held by defendants Max and Selma Stubenrauch in trust for the four children named as devisees. Plaintiffs alleged that the will had been duly probated in 1894, and therein it had been provided that the estate should not be partitioned until the youngest son, Lorenz, had reached the age of twenty-one, and that he had long since reached that age. It was also alleged that Mrs. Selma Stubenrauch had no interest in the *corpus* or body of the estate, but notwithstanding she had no such interest, she had by deed sought to convey what she described as one-half of her community interest in and to certain lots in Houston to Max Stubenrauch, the consideration being the interest of Max in her homestead; that on the same date for a like consideration she had conveyed her remaining interest in said lots to Lorenz Stubenrauch.

The court after hearing the evidence, rendered a decree that the will had no reference to anything but the one-half interest of the testator in the community property, and that a life estate in that interest was bequeathed to Selma Stubenrauch as well as the rents and revenues arising therefrom, with power to dispose of the same, no trust therein

being created in favor of the children during her lifetime; that the executor and executrix had complied with the terms of the will, and the temporary injunction was dissolved and the executor and executrix placed in charge of the property.

We adopt the findings of fact of the trial judge, which in substance state that Max Stubenrauch, deceased, and his wife were married in New Orleans in 1861, neither having any property, and that they removed to Houston, Texas, in 1866, where they acquired all their property. The husband died in Houston on or about April 6, 1894, leaving surviving him his wife, Selma Stubenrauch, and four children, the offspring of his marriage with his said wife, namely, Max Stubenrauch, then aged about 26 years, Mrs. Nettie Autrey, wife of Robert L. Autrey, then aged 28 years, and Lorenz and Daisy Julia, minors, his estate at the time of his death being inventoried at about $121,000, but at time of the trial of the probable value of $425,000. The gross income of Max Stubenrauch at time of his death was $9,000 or $10,000 a year, the present gross income of the estate being approximately $18,000 per annum. The elder Stubenrauchs obtained their property by hard labor and the practice of frugality and economy, the elder Max being a shoemaker, in which occupation his wife, when household duties were performed, would assist him. The wife, while living much better than in bygone years, spent not more than $200 or $300 a month.

When Max Stubenrauch, senior, died in 1894, he left the following will, omitting the formal opening and closing of the same:

"(2nd) It is my wish and desire that my estate be not partitioned or divided during the life of my beloved wife, Selma Stubenrauch, nor until my youngest son has become twenty-one years of age.

"(3d) I will and bequeath to my beloved wife the rents and revenues of my estate during her life, for her support and maintenance and for the education and support of my unmarried children.

"(4th) Subject to the life estate in favor of my wife, I will and bequeath all of my property, real, personal and mixed, to my beloved children, share and share alike, to wit: My son Max, my daughter Mrs. Nettie Autrey, my daughter Daisy Julia, and my son Lorenz.

"(5th) I name and appoint my beloved wife, Selma, and my beloved son Max, independent executors of my will and estate, without bond, and desire that the court take no jurisdiction of my estate further than to probate my will. I wish my executors to keep my estate in good repair, as I have done, and should either of my executors die, or be unable or decline to act as such, or should either die or decline or be unable to act after qualifying, then the survivor, or the one so acting, shall have all the powers conferred on both.

"(6th) Should my beloved wife die before my youngest child becomes of age, then it is my will that my son Max should act as surviving executor without bond, and independent of the court, and from the rents and revenues shall support my minor children, and upon the youngest becoming of legal age he shall partition my estate equally among my four children."

The will was duly probated on May 14, 1894, and the estate has since been administered by the executor and executrix according to the terms of the will and in compliance therewith, paying all taxes and insurance and making the necessary repairs. Daisy Julia Stubenrauch conveyed her interest in the estate to others, and R. L. Autrey has acquired that interest. Mrs. Selma Stubenrauch in 1908 conveyed to her sons, Max and Lorenz, her half interest in the community real estate, except her homestead, reserving the rents and revenues arising from said property during her life, and Max Stubenrauch and Lorenz Stubenrauch have mortgaged their interest in the property, each claiming a three-eighths interest. Fifty shares in the Commercial National Bank valued at $6,000 were, by agreement, divided among the heirs of the testator.

The prime and controlling rule to be observed and followed in the construction of a will is to endeavor by a study of each and every part of it to ascertain the intention and desire of the testator, and when that is discovered, it should be put into execution. That rule will be kept in view in this case.

In the second clause of the will in unmistakable terms and in the plainest language the testator has expressed the desire that his estate should not be partitioned or divided during the life of his wife, Selma Stubenrauch. That provision is mandatory, and the last part of that clause is providing for the contingency of the wife dying before the youngest son should reach the age of twenty-one, in which contingency the estate was not to be divided until he reached his majority. The youngest son having reached that age, the partition of the estate must be held in abeyance until the death of Mrs. Selma Stubenrauch.

In the third clause of the will the testator bequeathed to his wife the rents and revenues of his estate during her life. That is clear and explicit and is not modified nor lessened in its scope by the advisory language naming the purposes for which it should be used, namely, for her support and maintenance, and for the education and support of the unmarried children. The fourth clause to some extent construes the third and evinces an intention to bequeath to the wife a life estate in the corpus of the estate as well as all the rents and revenues, for the bequest to the children is made "subject to the life estate in favor of my wife."

The fifth clause of the will provides for an independent administration by the wife and son, Max, with the admonition that the estate be kept in a good state of repair, and confers the powers of both on one should the other fail or refuse to act.

The sixth clause makes clear the latter part of clause first in providing that the partition of the estate should not, in case of the death of the wife, take place until the youngest child should become of legal age, when it should be divided equally among the four children.

There is nothing in the will indicating any purpose or desire on the part of the testator to deal with any except his community interest in the estate, and the wife was not put to her election thereby. The

language of the will construed in Carroll v. Carroll, 20 Texas, 731, was very similar to that used in the will under construction, and the Supreme Court, through Judge Hemphill, said: "What is the meaning of this language? Evidently that the testator is devising his own property, and not that of his wife or others who might have common interests with him in some of his lands or other estate. We derive our system of community rights from the laws of Spain and had this will been framed under that code, it could not have been pretended that the widow was put to the election of renouncing either the community or the bequest. The power of the husband to dispose of the common property, during his life, did not authorize him to bequeath that portion of it which was not his own. Hence a legacy to her, in his will, was to be received by her exclusive of, and in addition to, her gananciales."

In the case of Haley v. Gatewood, 74 Texas, 281, the language used in the will was, "I will and bequeath all the estate I now own and possess," and the court held: "We do not think this language indicates an intention on the part of the testator to dispose of any property which he did not 'own and possess'; nor do we think the directions given in the will to the executors as to the management and disposition of certain community property for the maintenance and education of his children, clearly manifest an intention to deprive the wife of the right to control and dispose of her interest in the community property. The intent upon the part of the husband to dispose by will of the wife's interest in the community property must be evidenced by clear and explicit language."

The language used in the will, "my estate," "the rents and revenues of my estate," "all my property, real, personal and mixed," does not indicate the desire to interfere in any manner with the wife's community estate, and the bequest to her of a life estate in her husband's community estate did not cause her to lose her own interest in the estate, and there is nothing in the will that indicates a desire upon the part of the testator to interfere with the wife's estate. The wife, in the absence of clear and explicit language in the will showing an intention to dispose of her estate, will not be put upon her election and will not be estopped from claiming her own property by accepting under the will. Sutton v. Harvey, 24 Texas Civ. App., 26 (57 S. W., 879, 63 S. W., 1134).

In the case of Crosson v. Dwyer, 9 Texas Civ. App., 482 (30 S. W., 929), the will of the husband bequeathed to the wife "all my property, real, personal and mixed" which was to be used to support herself and support and educate the minor children, and this court held that it is the proper rule to hold, in the absence of a clear intention in the opposite direction, that there was no intention to attempt to interfere with the portion of the community estate belonging to the wife. That is the true and reasonable rule to adopt, and its application in this case redounds to the benefit of the wife.

By the terms of the will, the rents of the community estate became

hers absolutely. Let it be admitted that there was a trust created in the rents and revenues to the extent of the education and support of the children until the former was completed, and as to the latter until they were married. We do not think that it will be contended that the children unmarried at the time the will was published, should be educated as long as they lived, nor that they should be supported after their marriage. Evidently it was intended that after marriage the wife would be under no obligations to support the children. If there was a trust attached to the revenues and rents, the trust had been fully executed by the maintenance and support of the minor children, both of whom had been married. If Mrs. Selma Stubenrauch gave to each of the minors the education and support contemplated by the will, she had used the rents and revenues of the estate as requested in the will, and after that obligation was met, she had the rents and revenues as her own to be used as she might desire, and, certainly, without dictation or interference on the part of a married daughter and her husband who never at any time had any claim on the rents and revenues.

The court found, and the statement of facts supports the finding, that practically ever since the death of her husband, Mrs. Stubenrauch has been assisting in taking care of Daisy Julia, although she has made at least two marriages, and that she fitted up a home for her in Teague, Texas, expending thereon $3000 or $4000; and that she has taken care of and clothed and otherwise supported her son, Lorenz, practically all the time. Those children are not complaining at the administration of the estate by their mother, but the disturbance has been brought about by the oldest daughter who was married when her father died, and never at any time, under the terms of the will, had any interest in, or claim to, the rents and revenues of the estate.

One-half of the estate was the property of Selma Stubenrauch, which she had through years of hardship and economy assisted her husband in accumulating and preserving, and not only did he evince no desire to interfere with her right to her portion of the estate, but, as an acknowledgment of and reward for her constancy and faithful cooperation with him for many years, he settled upon her all the revenues and rents arising from his property, with the request that she should educate and support the unmarried children, who were minors at the time. She has faithfully performed that part of the will, and plaintiffs have no right or authority to inquire as to how she has expended the balance of the income. It is clear that if any trust was attached to the bequest of the revenues and rents, and that trust has been fully recognized and met, that the residue of the bequest is the property of the legatee, subject to the scrutiny and espionage of no one. There is nothing in any of the authorities cited by plaintiffs antagonistic to this proposition. None of them supports the proposition that where property is given absolutely to a legatee, certain trusts being appended thereto, that the surplus over and above the trust would not be the property of the legatee. There are no directions given as to the manner in which the rents and revenues should be managed, but

the bequest is full and explicit, and burdened only by certain trusts. If those trusts were not fulfilled, no one should have the right to complain except the beneficiaries, which they have not done.

There are strong grounds for holding that the words following the absolute bequest of the rents and revenues of the estate were merely what are denominated precatory words, and they do not create a trust in such rents and revenues for the children. If the bequest was an absolute one, and the succeeding words were merely precatory, imposing no trust, they confided to the wife the discretion of using much or little for her own support and of giving much or little to the children. The absolute disposition of the property was placed in her hands. In the case of Hill v. Page (Tenn.), 36 S. W., 735, there is a thorough consideration of the subject under investigation, and it was held that courts of late years have been against converting the legatee into a trustee, and that to create a trust and make precatory words operative in a will it must clearly appear: "First, that the estate vested in the first taker is not absolute, nor disposition thereof unrestricted; second, that the subject of the bequest or devise is certain, the trust certain and definite; and third, the objects of the bounty certain and clear; and further, that the language used, as gathered from the whole context, is intended to be imperative and controlling, and not a mere matter of discretion."

The rule is thus stated by Judge Story (Comm. Eq. Jur., sec. 1070) and is adopted by the Supreme Court of the United States in the case of Howard v. Carusi, 109 U. S., 725: "Whenever the objects of the supposed recommendatory trust are not certain or definite, whenever the property to which it is to attach is not certain or definite, whenever a clear discretion or choice to act or not to act is given, whenever the prior dispositions of the property import absolute and uncontrollable ownership, in all such cases courts of equity will not create a trust from words of this character." The bequest in this case comes within one or more of the conditions laid down in the rule.

The following preamble to the decree of the trial judge contains the gist of this decision, and is adopted by this court:

"And it appearing to the court from the case as a matter of law and fact that upon the death of Max Stubenrauch, Sr., he left his duly executed will which has been duly probated in the County Court of Harris County, Texas, and that under said will his wife, Mrs. Selma Stubenrauch, and son, Max Stubenrauch, were duly appointed independent executrix and executor respectively of his will and estate without bond, and that they qualified as such and are administering said estate independent of the court and without bond; and it appearing that all of the property in which the said Max Stubenrauch, deceased, was interested at the time of his death, was community property of himself and of his said wife, Mrs. Selma Stubenrauch, and that as a matter of law at his death Mrs. Selma Stubenrauch was vested in fee with her one-half community interest in said property, and that under the terms of said will the testator willed unto the said Mrs. Selma Stubenrauch

a life estate in his one-half community interest in said property, giving to her the rents and revenues therefrom to dispose of as she deems best, free from any trusts during her life time of such funds in behalf of their children; and it appearing that said executrix and executor have paid all taxes to the city, county and State on the property of said estate and that all of the taxes due thereon were paid prior to the filing of this suit; and it appearing that said executrix and executor have kept all of the improvements upon said property insured and in good repair and condition; and it appearing to the court as a matter of law and fact there are no grounds entitling the plaintiffs to any of the relief sought and prayed for by them, and that the defendants in the management, control and disposition of the property of said estate have kept within their legal rights"; and, therefore, the judgment is affirmed.

*Affirmed.*

Writ of error refused.