**HAINES et al. v. LITTLE.** (No. 8189.)

(Court of Civil Appeals of Texas. Galveston. May 11, 1922. Rehearing Denied June 8, 1922.)

1. Wills ⚖⇒849—In absence of a taker under the will the estate descends to the heirs.

If there is no taker under a will or the named beneficiary does not exist, the estate is distributed among the heirs.

2. Wills ⚖⇒284—Demurrer held properly sustained for insufficiency of petition in an action to declare a testamentary provision null and void.

In an action to annul a portion of a will on the ground of nonexistence of a beneficiary, where the petition, though alleging such nonexistence, also set forth that the will had been admitted to probate upon the application of the same beneficiary with no appeal from that judgment, it was subject to general demurrer.

3. Wills ⚖⇒105—Erroneous description of domicile of beneficiary does not defeat bequest.

A mistake of testator in stating the domicile or residence of a beneficiary otherwise sufficiently identified does not defeat the bequest.

4. Wills ⚖⇒229—Legatees who are not heirs are not "persons interested" entitled to attack other provisions of will.

Vernon's Sayles' Ann. Civ. St. 1914, art. 3358, authorizing proceedings attacking the provisions of a will by any "person interested in the estate," refers to parties whose interest will be affected by the suit, and does not include beneficiaries under a will who are not heirs of the testator, but who sue to annul a bequest to a third person which would otherwise go to the heirs.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interest (In Suit or Action).]

Appeal from District Court, Fayette County; M. C. Jeffrey, Judge.

Action by Laura Haines and others against H. F. Little, administrator of the estate of J. P. Browning, deceased. From judgment of dismissal, plaintiffs appeal. Affirmed.

Ben H. Kelly and A. L. Matlock, both of San Antonio, for appellants.

Solon Goode, of Dallas, and E. H. Moss and John T. Duncan, both of La Grange, for appellee.

PLEASANTS, C. J. This suit was brought by appellants, as beneficiaries under the will of J. P. Browning, deceased, against the appellee, administrator with the will annexed of the estate of said Browning, the purpose

of the suit being to have portions of the will adjudged void.

Upon a trial in the county court a plea in abatement was sustained, and the suit dismissed. On appeal and trial de novo in the district court a general demurrer to plaintiffs' petition was sustained, and, they declining to amend, their suit was again dismissed. From this judgment plaintiffs prosecute this appeal.

Plaintiff's petition, omitting the formal portions, is as follows:

"(2) That on heretofore, to wit, about the 21st day of February, 1917, the late J. P. Browning, of Fayette county, departed this life, leaving what purported to be a last will, which was on the 17th day of April, 1917, admitted to probate by this honorable court as the last will and testament of the said Browning; that an appeal was taken therefrom to the district court of Fayette county, Tex., in which court, on the 26th day of November, 1917, the said will was admitted to probate as the last will and testament of the said J. P. Browning, deceased, in which order of probate the court also appointed the defendant, H. F. Little, permanent administrator and directed that the judgment be certified to this honorable court for observance; that no appeal has been taken from said judgment; that the same has been certified to this honorable court; that said H. F. Little has properly qualified as permanent administrator under said appointment and is in charge of said estate and its assets and executing and carrying out the terms and stipulations of said last will, as probated, a copy of which is attached hereto, marked Exhibit A, and made a part hereof.

"(3) Plaintiffs charge that in said will as probated the following clause is contained, to wit: 'Second. I give, devise and bequeath to the Buckners Orphans Home at Waco, Texas, all the residue of my property I am possessed, personal and real, especially two certain tracts of land, situated on the Philip Weaver league, my present home, conveyed to me by J. S. Hall, Sr., and his heirs, on October 3, 1894, near Winchester, Fayette county, Texas, and being recorded in the Deed Records of said county, in vol. 53 on pages 46 and 49, those two tracts of land contain about 217 acres, more or less; further a certain tract of land situated on the E. Campbell league, containing about 45 acres, more or less, conveyed to me by W. A. Giles and M. W. Giles on the 20th day of November, 1903, same being recorded in the Deed Records of Fayette County, Texas (further) in volume 74 on page 542, etc.; further two certain tracts, both tracts land situated in the county of Bastrop and being portions of the Perry B. Isles league, conveyed to me by J. S. Hall et al. on October 3, 1894, containing 75 acres, more or less, being recorded in the Deed Records of Bastrop County, Texas, in volume 23 on pages 176, 177, 178, to all of above-mentioned records reference is hereby made; further all the moneys, land, notes, promissory notes, horses, mules, cows, hogs, corn, hay, farming implements or any other object whatsoever I shall be seized or possessed to which I shall be entitled at the time of my decease, to have and to hold it, the said Buckners Orphan Home,

of Waco, Texas, its executors, administrators and assigns forever.' That said will also contains the following clause, viz.: 'Third. I do nominate and appoint the above-named Buckners Orphan Home at Waco, Texas, sole executor of this my last will and testament and it is my express wish and desire, that in probating this my last will and testament, the court of probate order to have only an inventory and appraisement of my estate taken, as in such cases is directed by law, and no bond as executor or administrator shall be required of said Buckners Orphan Home as executor of this my last will and testament.'

"(4) Plaintiffs would further show that they are each beneficiaries under the said will as shown by the first clause thereof, which is as follows: 'First, I give, devise and bequeath to: a. Florence Browning, now of El Paso, Texas, the wife of my brother P. G. Browning, deceased. b. Maggie Hood, wife of Homer Hood, of Yoakum, Texas. c. Laura Haines, wife of James Haines, of Ballinger, Texas; the sum of three hundred dollars ($300) each.'

"(5) That the plaintiffs and the said Florence Browning and the said Buckners Orphan Home of Waco (or at Waco), Tex., are the only beneficiaries or legatees under the terms of said will; that Florence Browning died before the said J. P. Browning died, and left no will, but a number of heirs, including her daughter Maggie E. Hood, one of the plaintiffs herein; that by the express terms of said will there was bequeathed the sum of $900 of said estate to plaintiffs and Florence Browning, and all the residue and remaining was therein bequeathed to the said Buckners Orphan Home of Waco (or at Waco), Tex.

"(6) Plaintiffs allege that said second paragraph or clause in said will as set out in paragraph 3 of this petition is null and void for the reason that the said beneficiary, therein, to wit, Buckners Orphan Home of Waco (or at Waco), Tex., is a nonentity, there being no such person, firm, or corporation or concern as that in existence, and was not at the date the said will was written, or when it was probated; that all that part of clause 3 of said will as shown in paragraph 3 hereof is also void and unenforceable for like reason here given, and made a part hereof.

"(7) That, said clauses being void, the said residue of said estate reverts to and is subject to distribution to the legal heirs of the said J. P. Browning, deceased, and there is no person, corporation, or concern legally capable of taking or receiving said portion of said estate otherwise than the said heirs, and the administrator should be required and directed to pay and disburse same accordingly. The balance of said will, being enforceable and valid, should be carried out, and estate disbursed as directed.

"(8) Wherefore plaintiffs pray that said administrator be cited to appear at next term of court to answer this petition, and that upon final hearing thereof said clauses of the said will as shown and described in paragraph 3 of this petition be held null and void; that pending said final hearing said administrator be enjoined from disbursing or in any manner disposing of any portion of said estate included in or covered by clause 2 of said will as shown by third paragraph of this petition. Plaintiffs also pray for all legal and equitable relief,

whether general or special, to which they may be entitled, and for costs."

Under appropriate assignments of error appellants attack the judgment of the trial court on the ground that the petition, being in all other respects sufficient, presented a valid cause for annulling the paragraphs of the will set out in the petition, by alleging the nonexistence of the named beneficiary.

[1] The rule of law invoked by appellants is well settled. If there is no taker under the will, or the named beneficiary does not exist, the legacy or devise lapses and the property falls into the estate for distribution among the heirs.

[2] If the allegation of the petition that "Buckners Orphan Home of Waco (or at Waco), Tex., is a nonentity, there being no such person, firm, corporation, or concern as that in existence, and was not at the date said will was written or when it was probated," can be construed as an allegation that there is and was no such organization or entity as Buckners Orphan Home, we think the petition should be held sufficient as against a general demurrer, were it not for a defect which we will hereinafter point out.

But we are of opinion that this allegation cannot be so construed when considered together with other allegations of the petition and in the light of the proceedings and former judgment of the trial court referred to in the petition.

The second paragraph of the petition before set out alleges the probate of the will by the county court of Fayette county, an appeal therefrom to the district court of that county (the court from which this appeal is prosecuted), and the re-probate in that court and the appointment of the appellee as administrator, and that no appeal was taken from that judgment. The trial judge recites in his judgment sustaining the general demurrer that—

"The will in this case was admitted to probate in this court upon the application of Buckners Orphan Home and the application of the Methodist Orphanage at a former term of this court."

It thus appears from the petition and from the former judgment of the trial court referred to in the petition that there is such an organization or entity as Buckners Orphan Home, and that in the proceedings to probate this will, to which appellants were parties, Buckners Orphan Home appeared and presented an application for the probate of the will which was granted, and that no appeal was prosecuted by appellants from the judgment probating the will and appointing appellee administrator.

With these facts alleged in the petition and in the mind of the trial court, he could not have reasonably construed the petition as alleging the nonexistence of Buckners Orphan Home, nor can we so construe it.

The only reasonable construction to be given the allegation of the petition is a denial of the existence of a Buckners Orphan Home at Waco, or of Waco.

[3] It goes without saying that the mistake of the testator in stating the domicile or place of residence of the named beneficiary would not make the bequest inoperative. Of course, if there were several persons of the same name, such a mistake might raise an ambiguity which could only be cleared by parol or extrinsic evidence, but no such question as this is presented by the petition.

[4] The other defect in the petition which we think is fatal and required the trial court to sustain the general demurrer is its failure to show that plaintiffs have any interest in the subject-matter of the suit.

Plaintiffs sue as beneficiaries under the will, and by the terms of the will, as alleged in the petition and shown by the copy of the will attached to the petition as an exhibit, plaintiffs' interest in the estate as legatees under the will is in no way affected by the bequest to Buckners Orphan Home. As alleged in the petition, if that bequest lapses, it is only the heirs of the deceased who will be benefited thereby. There is no allegation in the petition that plaintiffs are heirs of the testator, and, as before stated, they sue, not as heirs, but as legatees under the will.

Article 3358, Vernon's Sayles' Civil Statutes, which authorizes proceedings of this character to be brought by "some person interested in the estate," must be construed as only authorizing the suit to be brought by some person interested in the estate whose interest therein will be affected by the result of the suit. It was clearly not the intention of the Legislature to authorize the bringing of a suit by one who has no interest in the subject-matter of the litigation, or to require the courts to hear and determine questions at the instance of one who has no interest in their decision. To hold otherwise would impute to the Legislature the intention, in the enactment of this statute, to change a fundamental rule of our jurisprudence.

In the case of Autrey v. Stubenrauch, 63 Tex. Civ. App. 247, 133 S. W. 531, the Court of Civil Appeal for the Fourth District holds that a suit of this character cannot be maintained by a person who has no interest that will be affected by the result of the suit, notwithstanding such person had an interest in the estate of the testator.

We think this holding is so obviously sound that argument in its support is unnecessary.

We are of opinion that the judgment of the trial court should be affirmed, and it has been so ordered.

Affirmed.