## METHODIST ORPHANAGE OF WACO v. BUCKNER'S ORPHANS' HOME OF DALLAS et al. (No. 8449.)*

(Court of Civil Appeals of Texas. Galveston. March 21, 1924. Rehearing Denied April 24, 1924.)

Wills ⬤⟳702—Complaint showing ambiguity in designating beneficiary, and alleging intention, states case for construction under parol evidence.

Under rule that ascertainment of testator's intention is the goal of construction, and that in case of ambiguity this intention can be shown by parol evidence, a case for construction under parol evidence of will in terms making "the Buckner's Orphans' Home of Waco" beneficiary is made by complaint stating that plaintiff "Methodist Orphanage of Waco" is the only orphans' home at Waco, and that it, and not defendant "Buckner's Orphans' Home of Dallas," was intended by testator as beneficiary, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1172.

Appeal from District Court, Fayette County; M. C. Jeffrey, Judge.

Suit by the Methodist Orphanage of Waco against Buckner's Orphans' Home of Dallas and another. A general demurrer to the complaint was sustained, and plaintiff appeals. Reversed and remanded.

Boyles, Brown & Scott, of Houston, and G. W. Barcus, of Waco, for appellant.

Solon Goode, of Dallas, and Edw. H. Moss, of La Grange, for appellees.

PLEASANTS, C. J. The following succinct and accurate statement of the nature and result of this suit is copied from appellant's brief:

---

"About February 21, 1917, J. P. Browning, of Fayette county, died leaving a will, which was on the 26th of November, 1917, probated by the district court of Fayette county, Tex., on the application of the Methodist Orphanage of Waco and the Buckner's Orphans' Home of Dallas, and J. J. Hart was appointed administrator of the estate with will annexed.

"J. P. Browning was a bachelor. His sister, nieces, and nephews filed a contest of the probating of the will, and afterwards filed suit, seeking to recover the property. The probation of the will became final, no appeal being taken therefrom. Thereafter the suit of Laura Haines et al. v. H. F. Little (Tex. Civ. App.) 242 S. W. 266, was filed, in which the heirs of J. P. Browning sought to recover the property. The trial court sustained a general demurrer to plaintiff's petition, and same was appealed to this court and was affirmed. In the last-named cause, this court held that the will was a valid will, and that the heirs had no interest in the property, other than that given them under the specific terms of the will. After the above cause was settled, the Methodist Orphanage of Waco brought this suit, making the Buckner's Orphans' Home of Dallas and J. J. Hart, the administrator, parties defendant, seeking the construction of paragraph No. 2 of the will, which disposed of the residue of the estate, and reads as follows:

" 'Second. I give, demise and bequeath to the Buckner's Orphans' Home of Waco, Texas, all the residue of my property I am possessed of, personal and real, especially two tracts of land situated in the Phillips-Weaver league, my present home [and then described by metes and bounds the land] and all the moneys, land notes, promissory notes, horses, mules, cows, hogs, corn and hay and farming implements and any other objects whatsoever I shall be seized or possessed of to which I may be entitled at the time of my demise, to have and to hold to the said Buckner's Orphans' Home of Waco, Texas, its executors, administrators and assigns forever.' "

"The appellant alleged that there was no Buckner's Orphans' Home of Waco, or at Waco, and has never been, and that the will had been probated upon the application of the Methodist Orphanage of Waco and the Buckner's Orphans' Home of Dallas, and that neither at the time the will was executed, nor at the time of the death of J. P. Browning, nor at any time, was there an institution known as the Buckner's Orphans' Home of Waco in existence, but there was a Methodist Orphanage at Waco, which was the only orphanage in Waco, and the only one that has been in Waco for more than 25 years.

"Appellant alleged further that at the time the will was drawn it was the intention of J. P. Browning to leave the property to the Methodist Orphanage of Waco, and that he intended, by executing the will, to leave the property to the Methodist Orphanage, and that the Methodist Orphanage of Waco is the orphanage that was intended by the said J. P. Browning to receive said property, and that the Methodist Orphanage is in truth and in fact the real beneficiary under the provisions of said will, and is entitled to all of said property as described in said will, except the small bequests given to special individuals named in same. Appellant alleged that it was necessary to bring this suit to construe the said paragraph of said will, because the executor of the estate, J. J. Hart, was holding said property, as he did not know to whom to deliver same, whether to the Buckner's Orphans' Home of Dallas, or to the Methodist Orphanage of Waco, and that the suit was brought for the purpose of construing the will and determining to whom the property should go."

The defendants presented a general demurrer to plaintiff's petition, which was sustained by the court, and, plaintiff declining to amend, the suit was dismissed.

The following propositions are presented by appellant in support of its contention that the judgment of the trial court should be reversed.

"First Proposition.—The second paragraph of the will of J. P. Browning is ambiguous and uncertain, in that the beneficiary named therein does not exist, and it is necessary for the court to ascertain who was intended, and who is the real beneficiary under said will.

"Second Proposition.—The will having named the beneficiary as the Buckner's Orphans' Home of Waco, and appellant having alleged that there was no such institution in existence, and that there had never been such an institution, and having alleged that the Methodist Orphanage was intended for, and as a matter of fact was, the real beneficiary under said will, the court should have permitted testimony to be offered on said issue, and permitted the jury to determine from the facts who was intended as, and who is, the real beneficiary under said will."

We think both of these propositions are sound. The will clearly and unmistakably evidences the intention of the testator to devise his property to an institution organized and operated to care for and furnish a home for orphan children. When it is shown that there is no institution of this kind at Waco having the name of Buckner's Orphans' Home, but that there is such an institution there having the name of Methodist Orphanage, and a Buckner's Orphans' Home at Dallas, the designation in the will of the beneficiary as Buckner's Orphans' Home at Waco becomes ambiguous, and parol proof is admissible to show which of these institutions was intended by the testator to be the beneficiary of his will.

The general rule, that the ascertainment of the intention of the testator is the cardinal rule to be followed in the construction of a will, and that when there is ambiguity in the language of the instrument this intention can be shown by parol evidence, is so elementary as to render citation of authorities unnecessary. That this rule should be followed whenever there is uncertainty in the identity of the beneficiary designated in the will is also well settled. In 40 Cyc. 1439–1441, the cardinal principle with reference to the identification of beneficiaries is expressed in the following language:

"Where the beneficiary under a will is not designated with precision, parol evidence is generally admissible to show who was intended."

And then this language is used:

"Where in case of a devise or bequest to a charitable, religious, or educational organization or corporation, the language of the will is uncertain and obscure in designating the organization or corporation intended, parol evidence is admissible to explain it."

In the case of Ladd v. Whitledge (Tex. Civ. App.) 205 S. W. 463, the court, in seeking to determine the meaning of the language in a will, as to who was intended as the beneficiary, used this language:

"It is competent to admit parol evidence, as it is sometimes, though not very accurately, expressed, to explain a will (or other written instrument) by showing the situation of the testator in his relation to persons and things around him, or, as it is often expressed, by proof of the surrounding circumstances, in order that his will may be read in the light of the circumstances in which he was placed at the time of making it. His intent must be ascertained from the meaning of the words in the instrument, and from those words alone; but, as he may be supposed to have used language with reference to the situation in which he was placed to the state of his family, his property, and other circumstances relating to himself individually, and to his affairs, the law admits extrinsic evidence of those facts and circumstances to enable the court to discover the meaning attached by the testators to the words used in the will, and to apply them to the particular facts of the case. For this purpose every material fact that will enable the court to identify the persons or things mentioned in the instrument is admissible, in order to place the court, whose province it is to determine the meaning of the words, as near as may be, in the situation of the testator, when he used them in making his will."

And again in the case of Lightfoot v. Poindexter (Tex. Civ. App.) 199 S. W. 1165, the court was called upon to construe a will as to what beneficiary was intended by the name of Daniel Baker College, and the court heard extrinsic and oral testimony to establish the identity of same, and the court used this language:

"Appellant contends that there is nothing in the record except parol evidence by which this conclusion could be reached, and that this parol evidence was inadmissible, because its only purpose and effect was to vary and contradict the terms of the written instrument. * * * The contention as to parol evidence cannot be sustained. As pointed out heretofore in this opinion, parol evidence is always admissible to identify a devisee or legatee, when under the terms of the will there is ambiguity on this point."

If the facts alleged in the petition are true, it was the intention of the testator, Browning, to give his property to the Methodist Orphanage at Waco, and this intention should not be defeated by his mistake in the name of the institution. Article 1172, Vernon's Sayles' Civil Statutes, provides:

"No misnomer of any corporation shall defeat or vitiate any gift, grant, conveyance, devise, or bequest to same."

The fact that there is a Buckner's Orphans' Home at Dallas does not affect the application of this statute. If there was no orphans' home at Waco, and no facts alleged showing the intention of the testator to give his property to some orphanage or orphans' home other than Buckner's Orpans' Home at Dallas, the mistake in the will in designating the domicile of the beneficiary would not render the same void. This was our holding in the case of Haines v Little, 242 S. W. 266, in which the validity of this provision of the will was involved. The question presented on this appeal was not before the court in that case, and our holding in that case in no way conflicts with the conclusions above expressed.

We are of opinion that the judgment should be reversed, and the cause remanded, and it has been so ordered.

Reversed and remanded.