Paul HULTQUIST et al., Appellants,

v.

Alma RING et al., Appellees.

No. 13068.

Court of Civil Appeals of Texas.

Galveston.

April 4, 1957.

Rehearings Denied April 26, 1957.

Vance & Vance, Edna, and C. S. Vance, Edna, of counsel, and Cullen B. Vance, Edna, for appellant.

S. G. Sample, Edna, for appellee.

HAMBLEN, Chief Justice.

This is an appeal from a judgment of the District Court of Jackson County and involves the construction of the last will and testament of Otto Hultquist, deceased, dated May 24, 1952, which has been admitted to probate. The testator made numerous specific bequests, including in so far as here material the following:

"(1) Annie Hultquist Ring, a sister, the sum of One Thousand and No/100 ($1,-000.00) Dollars;

"(2) David Ring, the sum of One Thousand and No/100 ($1,000.00) Dollars;

"(3) Alvin Ring, the sum of One Thousand and No/100 ($1,000.00) Dollars;

"(4) Alma Ring, the sum of One Thousand and No/100 ($1,000.00) Dollars; .

"(The last three named being children of my sister, Annie Hultquist Ring)."

The undisputed fact is that Alma Ring named as beneficiary in paragraph (4) above quoted is not a child of Annie Hultquist Ring as recited in the concluding quoted paragraph, but is rather a sister of Annie Hultquist Ring as well as of the testator Otto Hultquist.

The specific bequests above quoted are the first four contained in a group of twenty-three specific bequests. Following bequest No. 23, which is the last of such group, the will contains the following provision: "Bequests made hereinabove to nieces and to my sister, shall be to each for their separate use and benefit."

After probate of the will and qualification by the independent executors therein named, Alma Ring brought suit against the executors to recover the $1,000 bequeathed to her under paragraph (4) above quoted. She was joined in the suit by Joe Hultquist, who, together with Alma Ring, sought recovery of a fractional interest in an alleged lapsed legacy. The judgment of the trial court with respect to such lapsed legacy is not appealed from and is now immaterial.

In so far as Alma Ring sought recovery of the $1,000 bequeathed to her under paragraph (4) above quoted, the independent executors, Paul Hultquist, Marcus Mauritz, and Fred C. Boepple Sr., joined issue and alleged that it was the intention of the testator to name Elmer Ring, a child of Annie Hultquist Ring, as beneficiary under paragraph (4) rather than Alma Ring. Elmer Ring intervened in the suit, claiming that he rather than Alma Ring was the intended beneficiary of the bequest made in paragraph (4).

Ellen Kauper, another child of Annie Hultquist Ring likewise intervened, asserting that she rather than Alma Ring was the intended beneficiary of such bequest.

Trial of the issues thus joined was had before court without a jury. The trial court construed the will by holding, in so far as paragraph (4) is concerned, that Alma Ring, the named beneficiary, was the intended beneficiary and ordered the executors to pay the bequest accordingly. The executors and Elmer Ring have appealed from such judgment. Ellen Kauper makes no appeal.

The will in question contains a latent ambiguity. It is ambiguous because the bequest to Alma Ring provided for in paragraph (4) hereinabove quoted conflicts with the recitation immediately following such bequest to the effect that Alma Ring is a child of the testator's sister, Annie Hultquist Ring. The ambiguity is latent because the conflict is made to appear only upon proof extrinsic the instrument establishing that Alma Ring is not a child of Annie Hultquist Ring, as recited in the will, but is a sister of the testator. It appears to be established law in Texas that where a latent ambiguity is made to appear in a testamentary instrument, evidence extrinsic the instrument itself is admissible to enable the court to discover the meaning attached by the testator to the words used in the will and to apply them to the particular facts of the case. Hunt v. White, 24 Tex. 643. In the cited case the Supreme Court says:

"For this purpose, every material fact that will enable the court to identify the persons or things mentioned in the instrument, is admissible, in order to place the court, whose province it is to determine the meaning of the words, as near as may be, in the situation of the testator, when he used them in making his will."

This rule was applied by this Court in Methodist Orphanage of Waco v. Buckner's Orphans' Home of Dallas, Tex.Civ.App., 261 S.W. 203, 204, writ refused, a case factually somewhat analogous to the instant case. This Court speaking through Chief Justice Pleasants, used the following language:

"The general rule, that the ascertainment of the intention of the testator is the cardinal rule to be followed in the construction of a will, and that when there is ambiguity in the language of the instrument this intention can be shown by parol evidence, is so elementary as to render citation of authorities unnecessary. That this rule should be followed whenever there is uncertainty in the identity of the beneficiary designated in the will is also well settled."

In support of his contention that he rather than Alma Ring was the intended beneficiary under paragraph (4) of the will, appellant Elmer Ring and the executors named in the will offered evidence of facts and circumstances surrounding the execution of the will which is highly probative of the stated contention. It was shown that Otto Hultquist, the testator, was of Swedish descent and suffered an impairment in his vision. Testimony was offered to the effect that as a result of such impaired vision the testator seldom undertook to read but rather requested friends and acquaintances to read to him. While there is no evidence establishing that the testator was completely unable to read, the evidence will support the inference that he did not read the will in question, but was aware of its contents only by virtue of hearing it read to him. In addition to the vocal similarity of the names "Alma" and "Elmer" evidence

was offered to the effect that people of Swedish descent, including the testator, had difficulty in pronouncing the vowels "E" and "A" according to their English pronunciation, but were frequently heard to pronounce the letter "E" as if it were the letter "A". Annie Hultquist Ring named in paragraph (1) of the will was shown to be a favorite sister of the testator. David Ring named in paragraph (2) and Alvin Ring named in paragraph (3) and appellant, Elmer Ring, were shown to be the three eldest children of Annie Hultquist Ring and were the only children of Annie Hultquist Ring who were born in Jackson County where the testator resided. There is evidence in the record that the testator was not on friendly terms with his sister, Alma Ring, and had not spoken to her for some thirty-five years prior to the date of the will. The evidence reflects that in each instance where the testator made a bequest to a sister or to a niece he designated her by the use of her given name followed by the family name "Hultquist" followed by the married name of the designated beneficiary. The sole exception to this practice is in the case of Alma Ring. Throughout the will the testator correctly identifies each of the named beneficiaries with respect to his or her relationship to him, except in the case of Alma Ring. Attention is directed to the use by the testator of the singular "sister" in the sentence following bequest No. 23 which is hereinabove quoted.

The foregoing will serve to demonstrate the issue presented for determination by the trial court and to clarify our discussion of appellants' points of error which follows:

▇▇▇ In addition to the evidence summarized above, which was admitted by the trial court, the appellants offered, but the court refused to admit, evidence consisting of hand-written notes and the contents of a dictaphone record, all made by one T. N. Mauritz. Mauritz was dead at the time of

the trial. Appellants offered evidence which, according to recitations in the judgment, was accepted by the trial judge to the effect that the hand-written notes were used by Mauritz in dictating the record from which the will in question was ultimately transcribed by Mauritz's secretary. The evidence was offered to show that the hand-written notes as well as the dictaphone. record named Elmer Ring rather than Alma Ring as the beneficiary under paragraph (4) of the will, raising thereby the inference that the mistake, if it be a mistake, occurred in the transcription of the written instrument. The evidence was objected to on many grounds, including the objection that it was hearsay as to appellee. Appellants' Points of Error Nos. 1 and 2 are directed to the asserted error on the part of the court in excluding the tendered evidence.

There is no doubt but that where a latent ambiguity is shown to exist in a will, testimony of the attorney or the scrivener as to the testator's declarations or instructions is admissible to resolve the ambiguity as to the identity of a beneficiary. 69 Corpus Juris., Section 1180; 95 C.J.S. Wills § 637. In 57 Amer.Juris, Section 1118, the following language is used:

"Where there is a latent ambiguity or equivocation as to the identity of the devisee or the property devised, it is generally held that evidence of the testator's instructions to the draftsman of the will is admissible to aid in determining the persons or property intended."

The evidence tendered by appellants is hearsay evidence of the facts sought to be proven. It requires no citation of authority for the proposition that subject to certain exceptions, hearsay evidence is inadmissible. The common law rules of evidence have by statutory enactment been made a part of the law of this State. Art. 3713, Vernon's Ann.Tex.Civ.St. Rule 35, indexed under the cited statute, sets forth the exceptions to the rule excluding hearsay evidence which were recognized at common law. Text writers note a tendency in recent decisions to increase the number of such exceptions. Such exceptions are said to be based on necessity, practical common sense, and on the supposition that the circumstances surrounding each situation afford a sufficient probability of the truth of the proposed evidence to enable a jury to weigh it as a circumstance tending to establish the fact sought to be proved. 31 C.J.S. Evidence § 193, p. 919. This tendency finds legislative recognition in the enactment by the 52nd Legislature of Art. 3737e, V.A.T.S., which is quite apparently a re-enactment and enlargement of the common law exception commonly referred to as the "shop book rule." While neither litigant has cited Art. 3737e, this Court has carefully examined the record for the purpose of determining whether the memoranda shown to have been made by T. N. Mauritz might be admissible under the terms of that statute. We have concluded that such evidence is not admissible because the record fails to establish that the memoranda were made in the regular course of business by Mauritz, and that the making of such memoranda was a regular incident of such business. Such factual predicate has always been a requirement for the admissibility of books of account, prior to the enactment of Art. 3737e, and is expressly made a requirement under the statute. Records of an isolated transaction, or records not shown to be regularly made in the course of a business, have never been admissible. Here the record does not reflect the nature of the business in which Mauritz was engaged, other than to show that he was not an attorney at law. Neither does the record sufficiently establish that Mauritz regularly made memoranda, such as here tendered, in the regular pursuit of his business.

In so far as the evidence was offered to establish that Elmer Ring, rather than Alma Ring, was the intended beneficiary under the provisions of paragraph (4) of the will, the same conclusions necessarily apply to the tendered dictaphone record. How-

ever, it is the opinion of this Court that such dictaphone record has independent relevancy, and that it is admissible for the purpose of showing not that Elmer Ring was the intended beneficiary, but rather for the purpose of showing that a mistake was made by the secretary of T. N. Mauritz in naming Alma Ring as the beneficiary under paragraph (4) of the will. We have already cited authority for the proposition that if T. N. Mauritz were alive, his testimony would be admissible for the purpose of showing what instructions he received from the testator as to the terms of the will. His testimony would likewise be admissible for the purpose of showing what he dictated to his secretary to be transcribed by her. In so far as the latter testimony is concerned, the dictaphone record constitutes a higher and more reliable type of evidence than would the recollection or memory of T. N. Mauritz. This evidence would not establish or be probative of the fact that the testator intended Elmer Ring as the beneficiary under his will, but would be a circumstance upon which the fact finder might base the conclusion that the testator did not intend Alma Ring as his beneficiary. It would establish, in other words, that in so far as the written document which has been probated is concerned, the name Alma Ring appears therein by reason of a mistake made by the secretary of T. N. Mauritz in transcribing the will from the dictaphone record. In view of the fact that other evidence properly in the record raises the issue as to whether or not the testator might have intended Elmer Ring, rather than Alma Ring, as the beneficiary, we think the dictaphone record is admissible for the purpose of proving how the name Alma Ring appears in the written will.

▆▆▆▆ Appellants' third and final point of error is as follows:

"The greater weight of the evidence having shown conclusively that Elmer Ring was the intended Beneficiary under the will, the court erred in failing to render judg-ment for the Defendants and the Intervenor, Elmer Ring."

We have encountered some difficulty in construing the point presented. In their brief appellants ask that the judgment of the trial court be reversed and rendered, and alternatively that it be reversed and remanded. The inapplicability of appellants' Points Nos. 1 and 2 to their prayer for rendition of the judgment appealed from would lead to the conclusion that appellants intended by Point of Error No. 3 to present the law proposition that there is no evidence to support the judgment. However, as framed the point does not raise that question. This is for the reason that the use of the comparative term "greater weight" of the evidence necessarily implies that there exist conflicts in the evidence. Evidence which conflicts cannot be said to conclusively establish any fact. Aside, however, from the proper construction to be placed upon appellants' Point No. 3, and assuming that it does effectively present the law proposition of "no evidence" to support the judgment, we would nevertheless be compelled to overrule it. In direct opposition to all of the evidence offered by appellants, there stands the written formally executed will and testament of Otto Hultquist wherein he names Alma Hultquist as the beneficiary of the bequest provided for in paragraph (4). This is evidence which, it seems to this Court, would raise an issue of fact regardless of the evidence offered in dispute of the written instrument. In so far as the point presents the proposition of "no evidence," we overrule it.

In their argument under Point of Error No. 3, the appellants review in detail the evidence heard by the trial court which, they say, overwhelmingly supports their contention that Elmer Ring was the intended beneficiary under paragraph (4) of the will. The argument is such as to lead to the conclusion that the appellants' intend by such point to invoke the fact reviewing jurisdiction of this Court provided for by Article V, Section 6, of the Constitution

of the State of Texas, Vernon's Ann.St., despite the inapplicable prayer for rendition of the judgment appealed from. This Court's jurisdiction to review the facts upon which the trial court's findings rest is most commonly invoked by a point asserting that the findings are so against the overwhelming weight and preponderance of the evidence as to be clearly wrong. See 3-B Texas Juris., page 453, Section 940, and In re King's Estate, 150 Tex. 662, 244 S.W. 2d 660. However, there is authority for the proposition that where the court's attention is directed to error in the brief of the argument, the error should be ruled upon even though the point be technically insufficient to raise it. Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478; Insurance Inv. Corporation v. Hargrove, Tex. Civ.App., 179 S.W.2d 383. We consider the use of the words "greater weight" of the evidence as used in the point under consideration to distinguish this case from that of Wisdom v. Smith, 146 Tex. 420, 209 S.W.2d 164. If it appeared that appellee had been misled by appellants' Point No. 3 as presented, we would hesitate to consider it as raising the issue of the sufficiency of the evidence. However, by her counterpoint in reply to appellants' Point No. 3, appellee asserts that the judgment of the trial court is supported by sufficient evidence, and makes no contention that appellants' point fails to raise the issue. We have concluded that the sufficiency of the evidence to support the judgment of the court below is presented by appellants' Point of Error No. 3 and to the extent that it presents such issue we sustain the point.

We have already summarized the evidence relied upon by appellants. The only evidence of probative value which stands opposed to that offered by appellants is the written will itself. It is true that it was shown that at some time subsequent to the execution of the will the testator did visit his sister, Alma Ring. However, since the visit occurred after the date of the will, the fact is of little, if any, value in ascertaining the intent of the testator at the time he made his will. No inference may be properly drawn from the fact that does not ultimately rest on speculation or surmise. From our view, the evidence in the record, most of which does not depend upon the credibility of witnesses, leads almost inescapably to the conclusion that the testator intended Elmer Ring rather than Alma Ring as the beneficiary under paragraph (4) of his will. Without enlarging upon our preceding summation of that evidence, we say that it is of such overwhelming weight as to induce us to hold that the judgment of the trial court is in obvious conflict with the justice of the case.

As a part of her argument in reply to appellants' Point of Error No. 3, appellee contends that appellants are in no position to attack the findings of the trial court because they make no objections or exceptions to the specific findings of fact made by that court. See Zapata County v. Llanos, Tex.Civ.App., 239 S.W.2d 699. We have concluded that the rule set forth in the cited case has no application to the record before us. We have carefully examined the findings of fact filed by the trial court and find them to deal exclusively with the family history of Otto Hultquist, deceased, obviously made in connection with that phase of the case dealing with the lapsed legacy. No finding appears which has any bearing upon the issue before this Court. In Conclusion of Law No. 2, the trial court does conclude that it was not the intent of the testator to name Elmer Ring as beneficiary in paragraph (4) of his will. If this Conclusion No. 2 be considered as a fact finding, it is so general that we consider appellants' Point of Error No. 3 adequate to raise the issue of the sufficiency of the evidence to support it. It is ordered that the judgment appealed from be reversed and the cause be remanded for retrial.

Reversed and remanded.

GANNON, J., not sitting.